141 N.J. Super. 48 (1976)
357 A.2d 276
WILLIAM F. HYLAND, ATTORNEY GENERAL OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RONALD RANONE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 22, 1976.
Decided April 9, 1976.
*49 Before Judges FRITZ, SEIDMAN and MILMED.
Messrs. Diamond, Diamond & Afflitto, attorneys for appellant (Mr. Joseph T. Afflitto, of counsel; Mr. Terry L. Shapiro on the brief).
*50 Mr. William F. Hyland, Attorney General of New Jersey, attorney for the respondent (Ms. Lois De Julio, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by MILMED, J.A.D.
Defendant appeals from a judgment entered in the Law Division, following a nonjury trial, removing him from the "office of policeman of the Borough of Carlstadt." The basis for the removal was defendant's refusal to answer questions put to him before a state grand jury which, the trial judge found, were upon matters which "covers the scope of his employment," i.e., which were directly related to the conduct of his office. N.J.S.A. 2A:81-17.2al.
On this appeal defendant contends in essence that (1) the trial judge erred in finding that questions put to him were directly related to his employment as a police officer, and (2) as applied to him, in the circumstances of this case, N.J.S.A. 2A:81-17.2a et seq. is unconstitutional. We find no merit in either contention.
N.J.S.A. 2A:81-17.2a1 provides that
It shall be the duty of every public employee to appear and testify upon matters directly related to the conduct of his office, position or employment before any court, grand jury or the State Commission of Investigation. Any public employee failing or refusing to so appear and to so testify shall be subject to removal from his office, position or employment.
N.J.S.A. 2A:81-17.2a2 provides that
If any public employee testifies before any court, grand jury or the State Commission of Investigation, such testimony and the evidence derived therefrom shall not be used against such public employee in a subsequent criminal proceeding under the laws of this State; provided that no such public employee shall be exempt from prosecution or punishment for perjury committed while so testifying.
It is undisputed that defendant, a police officer employed by the Borough of Carlstadt, was called (by subpoena) to appear *51 before the state grand jury. When he appeared he was informed by a Deputy Attorney General
MR. PALLERIA [Deputy Attorney General]: Mr. Ranone, you are a public official presently employed as a police officer in Carlstadt.
Do you understand, by virtue of a New Jersey statute, any testimony you give before the Grand Jury with respect to the area of inquiry  the scope of inquiry that this Grand Jury is looking into is under a grant of immunity?
However, I wish you to understand that if you refuse to appear before the Grand Jury  if, in accordance with the same statute, you refuse to give testimony to the Grand Jury under that grant of immunity, your employment is in jeopardy.
Do you understand that?
THE WITNESS: [Ronald Ranone]: Yes, sir.
MR. PALLERIA: Sir, if you admit a crime  admit the commission of a crime or involved in a crime while testifying before the Grand Jury, you can be removed from your position as a public official if that crime relates to your services as a public official.
That grant of immunity extends to crimes you may have engaged in, but it does not extend to the crime of perjury. Therefore, you could be indicted for perjury if you make false, willful statements under oath before the Grand Jury.
Do you understand that?
THE WITNESS: Yes, sir.
MR. PALLERIA: Mr. Ranone, you are a target of a Grand Jury investigation, which relates to hijacking  by "hijacking," I mean thefts or larceny of goods in transit or intended for transit  extortion, breaking and entering, breaking and entering and larceny, arson, and arson conspiracy, and conspiracies related to other substantive crimes I have outlined and some which I may have forgotten.
Defendant requested a two-week adjournment, which was granted, in order to consult with counsel. When he reappeared before the state grand jury he indicated his awareness of his rights, duties and obligations under N.J.S.A. 2A:81-17.2a et seq. He was asked several questions regarding the matters under investigation. It is clear from the record that the prosecutor was trying to find out whether defendant was involved in the conspiracies and other crimes while employed as a police officer or had information concerning them. Defendant responded to each of six questions put to him in substantially the same manner, i.e.:
*52 I have been advised by my attorney that I am a target of your investigation. Therefore, I respectfully will decline to answer any questions on the grounds that my answers might be used to incriminate me.[1]
He was then asked:
Do you intend to refuse to answer the questions relating to the same area of inquiry in the same manner rather than have me go on for the next four hours?
When he responded "Yes, sir, I do," he was told he could "step down."
There is sufficient credible evidence in the record to support the finding of the trial court that the questions put to defendant were upon matters which "covers the scope of his employment," i.e., which were directly related to the conduct of his office. We discern no sound basis for disturbing that finding. State v. Johnson, 42 N.J. 146, 162 (1964). Beyond this, the trial judge properly determined that even though, when defendant appeared before the grand jury, he had not been on active duty for some time because of a disability, he continued to be a police officer, and that "Whether or not the conspiracy may have taken place in the town where he [defendant] is employed and the arson may have taken place in a close by community is not even material." See Ward v. Keenan, 3 N.J. 298, 310-311 (1949); State v. Borrell, 18 N.J. 16, 21 (1955); State v. Cohen, 32 N.J. 1 (1960).
Finally, we repeat what we said in Kugler v. Tiller, 127 N.J. Super. 468 (App. Div. 1974) regarding immunity granted by N.J.S.A. 2A:81-17.2a2:
Without such immunity the problem is one of striking a balance between the legitimate public interest in the accountability of public officers and their right to be silent. State v. Falco, 60 N.J. 570, *53 583 (1972). In such cases the constitutional right against self-incrimination ordinarily prevails. But where self-incrimination is no longer at stake, the public interest becomes paramount and the officer may subject himself to dismissal from office if he refuses without justification to account for the performance of his public trust. [at 473-474]
The judgment under review is affirmed.
NOTES
[1] In two of his answers defendant used the phrase "on the grounds that my answers may (might) tend to incriminate me."