188 N.J. Super. 106 (1983)
456 A.2d 114
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM V. MUSTO, CITY OF UNION CITY AND BOARD OF COMMISSIONERS OF THE CITY OF UNION CITY, DEFENDANTS-APPELLANTS. WILLIAM V. MUSTO, PLAINTIFF-APPELLANT,
v.
CARMEN A. ORECHIO AND THE NEW JERSEY SENATE, DEFENDANT-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 4, 1983.
Decided January 24, 1983.
*107 Before Judges BOTTER, POLOW and BRODY.
Thomas A. De Clemente argued the cause for appellant (De Clemente & Klitzner, attorneys; John C. Caniglia on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, argued the cause for respondent State of New Jersey, (James J. Ciancia, Assistant Attorney General, of counsel and Joseph L. Yannotti and Kathleen B. McGill, Deputy Attorneys General, on the brief).
Leon J. Sokol argued the cause for respondent New Jersey Senate and Carmen A. Orechio (Greenstone & Sokol, attorneys; Leon J. Sokol and Michael D. Solomon on the brief).
PER CURIAM.
On March 26, 1982 appellant William V. Musto was convicted in the United States District Court for the District of New Jersey of violating various federal criminal statutes. His custodial sentence was stayed pending appeal. On July 20, 1982 judgment was entered in the Law Division declaring that Musto's public offices as New Jersey State Senator and Commissioner and Mayor of Union City were forfeited and deemed vacated as of May 10, 1982 when a custodial sentence was imposed. We affirm substantially for the reasons expressed by Judge O'Brien in his written opinion, which is reported at 187 N.J. Super. 264 (Law Div. 1982).
Musto challenges the constitutionality of N.J.S.A. 2C:51-2 which mandates forfeiture of public office upon conviction of a criminal offense although the State Constitution limits eligibility for membership in the Senate to persons "entitled to the right of suffrage." N.J. Const. (1947), Art. IV, § I, (2). He argues, among other matters, that Judge O'Brien erred in holding that it need not be determined "whether or not [the forfeiture statute] constitutes an added qualification for a constitutional officer...." 187 N.J. Super. at 289. As Musto insists, our Legislature has not seen fit to make loss of suffrage automatic as to all persons before execution of a custodial or probationary sentence or immediately upon conviction for an indictable offense. Rather, loss of suffrage is triggered not by the conviction itself but by "serving a sentence" or being "on parole or *108 probation" in connection with an indictable offense. See N.J.S.A. 19:4-1(8). Still, the Constitution expressly grants to the Legislature authority to eliminate suffrage entirely upon conviction alone "of such crimes as it may designate." N.J. Const. (1947), Art. II, par. 7. Within that authority the Legislature has the power to deprive a person of the right to serve as a legislator upon conviction of crime. The exercise of this power upon conviction alone, without removing all incidents of suffrage, cannot be viewed as a violation of constitutional authority.
Furthermore, "unlike the Federal Constitution, the State Constitution is not a grant but a limitation of powers." Gangemi v. Berry, 25 N.J. 1, 7 (1957) (citing State v. Murzda, 116 N.J.L. 219 (E. & A. 1936) and Behnke v. N.J. Highway Auth., 13 N.J. 14 (1953)). Thus, while the United States Congress may exercise only those powers granted to it by the Federal Constitution, the State Legislature is free to act without restraint except as limited by the State Constitution. Smith v. Penta, 81 N.J. 65, 74 (1979). We fully agree with Judge O'Brien's rationale supporting his conclusion that "N.J.S.A. 2C:51-2 is constitutional and self-executing, to the end that ... Musto forfeited his seat in the New Jersey State Senate," and that absent vindication on appeal of his criminal convictions, "he shall be forever disqualified from holding any [public] office...." 187 N.J. Super. at 305, 319.
Affirmed.