196 N.J. Super. 332 (1984)
482 A.2d 527
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM BIELECKI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 1984.
Decided October 5, 1984.
*334 Before Judges ANTELL, J.H. COLEMAN and SIMPSON.
Lewis Stein argued the cause for appellant (Nusbaum, Stein, Goldstein & Bronstein, attorneys; Lewis Stein, on the brief).
Larry R. Etzweiler, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General, attorney; Larry R. Etzweiler, of counsel and on the brief).
The opinion of the court was delivered by SIMPSON, J.A.D.
Defendant appeals from a final order in this action in lieu of prerogative writs removing him from his position as Chief of Police of the Township of Mount Olive pursuant to N.J.S.A. 2A:81-17.2a3 and 2A:81-17.2a4. The trial judge found that defendant admitted violating N.J.S.A. 2C:28-2 by falsely swearing before a State Grand Jury investigating acts of official corruption in the Mount Olive Police Department, and that this was a "... misdemeanor ... relating to his employment or touching the administration of his office or position...." The operative facts are not in dispute.
The State Grand Jury was investigating alleged misappropriation for personal use by police officers of obsolete or unusable furniture and fixtures that the Warner-Lambert Company made available at no charge to schools, churches, nonprofit organizations and municipalities. The Grand Jury was also investigating alleged improper receipt by police officers of stolen typewriters and furniture that had not been selected by Warner-Lambert for donation to public entities. This case concerns a table and six chairs manufactured by Steelcase Company and found in defendant's dining room.
*335 On April 13, 1983 Chief Bielecki testified before the State Grand Jury. Bielecki had been advised that he was a target of an investigation as to materials obtained from Warner-Lambert through Ernest "Buddy" Rizzio. Bielecki's attorney advised him of his duty to testify pursuant to N.J.S.A. 2A:81-17.2a1. Bielecki exercised his privilege against self-incrimination, and he was granted use immunity pursuant to N.J.S.A. 2A:81-17.2a2. Counsel specifically advised the Chief that the immunity would not exempt him from prosecution or punishment "for perjury or false swearing" committed while testifying. Although N.J.S.A. 2A:81-17.2a2 only refers to perjury, the attorney was obviously aware that this statute had been interpreted to apply to false swearing as well. State v. Mullen, 67 N.J. 134, 137 (1975). At his first appearance before the State Grand Jury, defendant denied that the table and chairs were obtained from Warner-Lambert through Rizzio. Defendant claimed his wife had brought the furniture to their home following her first marriage. It is unnecessary to detail the evidence proving the falsity of this testimony, except to note that it was extensive.
Perhaps fearing a web of evidence closing in on him, Chief Bielecki testified, at his own request, before the State Grand Jury again on June 8, 1983 "to set the record straight in reference to false testimony [as to] the table and chairs and how I obtained them." He concluded with the statement "... I got defensive and lied as to where and how I got [the table and chairs]." In the removal proceeding the trial judge rejected defendant's contention that the statutory defense of retraction to the crimes of perjury and false swearing, N.J.S.A. 2C:28-1 and 2, precluded his removal from office under N.J.S.A. 2A:81-17.2a 3. While noting that the issue was one of first impression in this State, the judge in his oral opinion concluded
It would be an incongruous [sic] to suggest that a public official, a Chief of Police, a person who is sworn to uphold the law, the chief law enforcement officer of Mount Olive Township, can admit to perjury, recant it and then be immune from any kind of sanction.
*336 Except to note that the crime was actually false swearing, we affirm for the reasons stated by Judge Muir and our additional rejection of the several grounds urged on appeal.

I.
Defendant first contends that the removal statute is not applicable to the facts of this case, and that in any event his admission that he "lied" is insufficient grounds to remove him from office under the statute. There is no merit to these arguments. N.J.S.A. 2A:81-17.2a 3 provides:
Any public employee who admits the commission of a misdemeanor or high misdemeanor relating to his employment or touching the administration of his office or position before any court, grand jury or the State Commission of Investigation shall be subject to removal from such office, position or employment.
On June 8, 1983 the defendant admitted he "lied" on April 13, 1983. On both dates he testified under oath before the same grand jury, with contradictory stories as to his acquisition of the Warner-Lambert Company's table and chairs. Even if his use of the word "lied" is conclusionary, the details he gave, as well as other evidence before the State Grand Jury, proved that he was guilty of false swearing on the first date. Defendant's contention that the removal statute is inapplicable because he could have been tried for the crime of false swearing and, if convicted, had his office forfeited pursuant to N.J.S.A. 2C:51-2 defies comprehension. No authority is cited for the implicit assertion that the statutes are mutually exclusive, and there is no ambiguity in the meaning of the removal statute as applied to the facts of this case. In addition, N.J.S.A. 2A:81-17.2a5 specifically provides:
Nothing in this act shall be construed to annul or modify any other law of this State or any rule or regulation promulgated pursuant to any other law of this State relating to the removal of public employees from office, position or employment.

II.
Defendant next contends that since the affirmative defense of retraction is available against charges of perjury and *337 false swearing (N.J.S.A. 2C:28-1(d) and 2C:28-2(b)), it should be available to preclude removal under N.J.S.A. 2A:81-17.2a3. Retraction may be characterized, in a criminal law context, as a nonexculpatory public policy defense. See Robinson, "Criminal Law Defenses: A Systematic Analysis", 82 Columbia L.Rev. 199, 230-31 (1982). The removal statute, however, is a civil proceeding, and the legislature has not provided that a retraction will vitiate the admission of the misdemeanor of false swearing. Nor is there any requirement under N.J.S.A. 2A:81-17.2a3 that the public employee be convicted of a crime. Removal follows admission of commission of certain crimes by a public employee. Whether to institute removal proceedings is discretionary since N.J.S.A. 2A:81-17.2a3 provides that the actor "shall be subject to removal" and N.J.S.A. 2A:81-17.2a4 says "a proceeding may be instituted." Prosecutorial discretion is also involved in the decision whether to seek indictment for a crime such as false swearing, and upon conviction N.J.S.A. 2C:51-2 provides for forfeiture of office under certain conditions therein provided. In short, the schemes of the civil removal, criminal, and forfeiture statutes are different. There is no provision that, and no reason why, retraction must be available as a defense to removal under N.J.S.A. 2A:81-17.2a3.

III.
Finally, defendant asserts that any admission of the misdemeanor of false swearing is not a crime "relating to his employment or touching the administration of his office or position." The argument ignores the underlying factual basis of the false swearing admission which was the investigation of misappropriation of property donated to the municipality or receipt of stolen goods by officers of the Mount Olive Police Department. The record is also clear that the false swearing impeded the State Grand Jury investigation of the allegations of official misconduct, including defendant's improper receipt of the table and chairs while he was the Chief of Police. Hyland v. Ranone, 141 N.J. Super. 48 (App.Div. 1976), aff'd. o.b., 75 N.J. *338 97 (1977), is on point; State v. Cohen, 32 N.J. 1 (1960), is inapposite.
Affirmed.