201 N.J. Super. 21 (1985)
492 A.2d 680
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT PITMAN, DEFENDANT-APPELLANT.
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BRYAN DEFFLER, JAMES MCKINLEY AND ROBERT PITMAN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 2, 1985.
Decided April 18, 1985.
*23 Before Judges ANTELL, J.H. COLEMAN and SIMPSON.
Carolyn Anita Parks, Assistant Deputy Public Defender, argued the cause for appellant Pitman (Joseph H. Rodriguez, Public Defender of New Jersey; Carolyn Anita Parks, on the brief).
James W. Kennedy, Assistant Prosecutor, argued the cause for respondent State of New Jersey (John A. Kaye, Monmouth *24 County Prosecutor; William J. Zaorski, Assistant Prosecutor, of counsel; Joanna Boretti, on the letter brief).
James W. Kennedy, Assistant Prosecutor, argued the cause for appellant State of New Jersey (Alexander D. Lehrer, Monmouth County Prosecutor; William J. Zaorski, Assistant Prosecutor, on the brief).
Carolyn Anita Parks, Assistant Deputy Public Defender, argued the cause for respondent Pitman (Joseph H. Rodriguez, Public Defender of New Jersey; Carolyn Anita Parks, on the brief).
Respondents Deffler and McKinley did not file briefs.
The opinion of the court was delivered by SIMPSON, J.A.D.
These consolidated appeals involve the application of the "Forfeiture of public office" statute, N.J.S.A. 2C:51-2, to an unusual set of facts and circumstances, and the requirements of R. 3:9-2 in connection with a plea agreement that results in a forfeiture following sentencing.
Isaiah Washington was an inmate at the Monmouth County Correctional Institution. Defendants Bryan Deffler and James McKinley were corrections officers at the jail, as was Sergeant Robert Pitman. The details of an incident at the jail on March 14, 1982 are somewhat in dispute, but there is no question as to the operative facts relevant to issues on these appeals. Washington was causing a disturbance in the jail and when McKinley went to investigate, Washington allegedly spit on him. McKinley pushed "the blue light" signalling an emergency and Deffler responded. Pitman also arrived and ordered Washington removed to isolation. There was a scuffle and Washington was injured. Pitman's incident report did not mention anything about the alleged beating of Washington, but he claimed he was kicked in the stomach by Washington and observed no physical abuse of the prisoner by Deffler or McKinley.
*25 All three defendants were indicted for official misconduct (N.J.S.A. 2C:30-2), a crime of the second or third degree. Plea negotiations resulted in orders permitting downgrades to disorderly persons offenses to which the defendants pleaded guilty and were fined $150 each. Deffler and McKinley pled guilty to simple assault (N.J.S.A. 2C:12-1a(1)) and Pitman to obstructing the administration of law or other governmental function (N.J.S.A. 2C:29-1). Sentencing was on October 22, 1982. Thereafter, on December 9, 1982 the prosecutor served all three defendants with motions to forfeit their public offices pursuant to N.J.S.A. 2C:51-2a and to be forever disqualified from holding any office or position of honor, trust or profit under this state or any of its administrative or political subdivisions pursuant to N.J.S.A. 2C:51-2c. The trial judge denied the motion as to N.J.S.A. 2C:51-2c but ordered "that pursuant to N.J.S.A. 2C:51-2 [each defendant] is forever barred from holding any state employment in the area of police or corrections work."

I
Defendants Deffler and McKinley do not contest the State's appeal concerning the breadth of the forfeiture order and we believe the trial judge erred in limiting the bar to police or corrections work. N.J.S.A. 2C:51-2 is constitutional and self-executing. State v. Musto, 187 N.J. Super. 264, 305 (Law Div. 1982), aff'd 188 N.J. Super. 106, 108 (App.Div. 1983). Pitman's contention that the forfeiture statute is inapplicable to his situation is also without merit. In pertinent part, the statute provides:
2C:51-2. Forfeiture of public office
a. A person holding any public office, position, or employment, elective or appointive, under the government of this State or any agency or political subdivision thereof, who is convicted of an offense shall forfeit such office or position if:
(1) He is convicted under the laws of this State of an offense involving dishonesty or of a crime of the third degree or above or under the laws of another state or of the United States of an offense or a crime which, if committed in this State, would be such an offense or crime;

*26 (2) He is convicted of an offense involving or touching such office, position or employment; or
(3) The Constitution or a statute other than the code so provides.
b. The forfeiture set forth in subsection a. shall take effect:
(1) Upon finding of guilt by the trier of fact or a plea of guilty, if the court so orders; or
(2) Upon sentencing unless the court for good cause shown, orders a stay of such forfeiture. If the conviction be reversed, he shall be restored, if feasible, to his office, position or employment with all the rights, emoluments and salary thereof from the date of forfeiture.
c. In addition to the punishment prescribed for the offense, and the forfeiture set forth in 2C:51-2 a., any person convicted of an offense involving or touching on his public office, position or employment shall be forever disqualified from holding any office or position of honor, trust or profit under this State or any of its administrative or political subdivisions.
N.J.S.A. 2C:1-14k defines "offense" to include crimes, disorderly persons offenses and petty disorderly offenses. The disorderly offenses to which all three defendants pled guilty, arising out of the jail incident, are clearly offenses involving or touching their offices, positions or employment (N.J.S.A. 2C:51-2a(2)). State v. Musto, supra; State v. Bielecki, 196 N.J. Super. 332, 337 (App.Div. 1984). Accordingly, the State's appeal as to the forfeiture orders in the cases of Deffler and McKinley is allowed. As to Pitman, the limited forfeiture order is reversed for the reasons that follow.

II
In his separate appeal, Sergeant Pitman contends there was an insufficient basis for his plea. Both R. 3:9-2 and R. 7:4-2(b) require in connection with a guilty plea that:
1. The judge address the defendant personally, and
2. Determine by inquiry of the defendant and others, in the court's discretion, that:
A. There is a factual basis for the plea, and
B. The plea is made voluntarily,
C. With an understanding of the nature of the charge and the consequences of the plea.
*27 The State concedes that the judge did not address Defendant Pitman personally and that a factual basis for the plea "was not set forth in great detail at the plea hearing." It seeks relaxation of the rules pursuant to R. 1:1-2 to avoid an "injustice". Our examination of the record of the plea proceedings indicates that neither the letter nor the spirit of the court rules were complied with. Pitman answered "yes" or "no" to six questions propounded by his attorney, followed only by a single question by the judge:
THE COURT: All right, thank you. And accordingly your plea in this matter, Mr. Pitman, is one of guilty?
MR. PITMAN: Yes.
Under the circumstances of this case there was an insufficient factual basis for acceptance of the guilty plea. A sufficient factual basis in accordance with the above-cited rules is required even if the guilty plea results from a plea bargain. State v. Butler, 89 N.J. 220, 224 (1982). Additionally in this case, the harsh consequences of forfeiture under N.J.S.A. 2C:51-2 are involved. Employment, pension and other rights and opportunities are lost forever upon entry of a judgment of conviction or sentencing.
We hold that R. 3:9-2 and R. 7:4-2(b) require that the plea proceedings record must clearly reflect that defendant was advised that his guilty plea would invoke the forfeiture provisions of N.J.S.A. 2C:51-2. For a discussion of the appropriate procedure to be followed, see State v. Kovack, 91 N.J. 476 (1982). Here the colloquy between defendant and his attorney did not reflect an understanding of the forfeiture consequences of the guilty plea or provide any factual basis for the plea. Sergeant Pitman's guilty plea and the judgment of conviction are therefore vacated and as to him, the original indictment is reinstated.
Remanded for further proceedings and orders in accordance with the foregoing. We do not retain jurisdiction.