213 N.J. Super. 554 (1986)
517 A.2d 1215
JOHN J. BEVACQUA, APPELLANT,
v.
JOHN P. RENNA, COMMISSIONER, NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 23, 1986.
Decided November 13, 1986.
*556 Before Judges MICHELS, SKILLMAN and LANDAU.
Anthony F. LaBue argued the cause for appellant (LaBue, Farber, Newman & Holstein, attorneys).
Shirley Allen, Deputy Attorney General, argued the cause for respondent (W. Cary Edwards, Attorney General, attorney; Michael R. Clancy, Deputy Attorney General, of counsel; Shirley Allen, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
This appeal requires us to consider the relationship between the section of the Uniform Construction Code authorizing the *557 Commissioner of the Department of Community Affairs to license construction code officials, N.J.S.A. 52:27D-124(a)(2), the section of the Code of Criminal Justice mandating the disqualification from public offices and positions of persons convicted of certain offenses, N.J.S.A. 2C:51-2 c, and the section of the Rehabilitated Convicted Offenders Act prohibiting discrimination in professional licensing against convicted offenders, N.J.S.A. 2A:168A-2.
Appellant was licensed by the Commissioner of Community Affairs pursuant to N.J.A.C. 5:23-5.1 et seq. as an electrical subcode official. In 1982 he pled guilty to theft by failing to make the required disposition of property received, in violation of N.J.S.A. 2C:20-9. The offense consisted of the failure to remit certain inspection fees to Mahwah, for which appellant acted as a subcode official. Since the amount involved was less than $200, the guilty plea was to a disorderly persons offense. Based on this offense the Commissioner revoked appellant's license as electrical subcode official. We affirmed this revocation in an unreported opinion. Bevacqua v. State of N.J. Dep't of Community Affairs, Div. of Housing, Bur. of Construction Code Enforcement, A-5623-81T3. At that time, we rejected appellant's argument that the penalty of revocation was too severe, noting that, in the view of the Department of Community Affairs, appellant was "involved in activities of an unlawful nature which were inherently dishonest and reached to the very heart of [his] statutory responsibilities and trust."
Less than a month after our opinion was issued, appellant reapplied to the Department for licensure as an electrical subcode official and electrical inspector. The Bureau of Construction Code Enforcement denied the application on the basis of appellant's disorderly persons conviction and the recent revocation of his license.
Appellant requested and was granted a hearing before an Administrative Law Judge. The Administrative Law Judge *558 concluded that the denial of appellant's application was improper for two reasons. First, he read the Rehabilitated Convicted Offenders Act to preclude denial of licensure based upon a conviction for a disorderly person's offense. Second, he found that appellant had been rehabilitated to a sufficient degree that his conviction no longer adversely relates to the occupation for which he seeks licensure.
The Commissioner of Community Affairs reversed the decision of the Administrative Law Judge and sustained the denial of appellant's application for a license. We affirm the Commissioner's decision.
Appellant argues that the Rehabilitated Convicted Offenders Act precludes denial of a license based upon a conviction for a disorderly persons offense. The section of the Act upon which he relies states in relevant part:
[N]o "licensing authority" authorized to pass upon the qualifications of any applicant for a license . .. to engage in the practice of a profession or business ... may disqualify or discriminate against an applicant ... on the grounds that the applicant has been convicted of a crime, or adjudged a disorderly person, except that a licensing authority may disqualify or discriminate against an applicant for a license ... if N.J.S. 2C:51-2 is applicable or if a conviction for a crime relates adversely to the occupation, trade, vocation, profession or business for which the license ... is sought. [N.J.S.A. 2A:168A-2].
Appellant argues that under this section a licensing authority is prohibited from disqualifying an applicant on the grounds that he has been either "convicted of a crime, or adjudged a disorderly person," but that the exception from this prohibition for offenses which "relate adversely to the ... profession or business for which the license ... is sought" is limited to "conviction for a crime." Since appellant was only adjudged a disorderly person and not convicted of a crime, he argues that the Commissioner of Community Affairs lacked the power to deny his application even if his offense related adversely to the profession or business for which he seeks a license.
We find it unnecessary to resolve this issue because we are convinced that the other exception contained in N.J.S.A. 2A:168A-2, relating to situations where "N.J.S.A. 2C:51-2 is *559 applicable," is controlling in the present case. N.J.S.A. 2C:51-2 c provides in relevant part that "any person convicted of an offense involving or touching on his public office, position or employment shall be forever disqualified from holding any office or position of honor, trust or profit under this State or any of its administrative or political subdivisions." It is clear that the term "offense" as used in N.J.S.A. 2C:51-2 c as well as other sections of the Code of Criminal Justice includes a "disorderly persons offense." N.J.S.A. 2C:1-14 k ("`Offense' means a crime, a disorderly persons offense or a petty disorderly persons offense ..."); see State v. Pitman, 201 N.J. Super. 21, 26 (App.Div. 1985); State v. Lore, 197 N.J. Super. 277, 283 (App. Div. 1984), certif. den. 99 N.J. 230 (1985). It is also clear that appellant's offense was one "involving or touching on" his position as a subcode official. Therefore, in determining the applicability of N.J.S.A. 2C:51-2 c, the only questions are whether the position of subcode official occupied by appellant at the time of the offense was a "public office, position or employment" and whether the position for which he now seeks licensure is an "office or position of honor, trust or profit" of a political subdivision. To answer these closely related questions, it is necessary to consider the nature of the position of a construction code official.
We have observed on a prior occasion that the State Uniform Construction Code Act, enacted in 1975, was "a broad remedial piece of legislation, the basic purpose of which is to establish and provide for uniform building and construction standards and uniform enforcement policies and practices throughout the entire State." N.J. State Plumbing Inspectors Ass'n v. Sheehan, 163 N.J. Super. 398, 401 (App.Div. 1978), certif. den. 79 N.J. 484 (1979). One of the means by which this purpose was implemented was "to invest the Commissioner of Community Affairs with the power to license all code enforcement officials, ..." Id.; see N.J.S.A. 52:27D-124(a)(2). The Commissioner has exercised his powers by adopting detailed regulations which prescribe educational and testing requirements for licensure of *560 construction code officials and grounds for the suspension or revocation of their licenses. N.J.A.C. 5:23-5.1 et seq. A municipality may appoint persons with licenses to the positions of construction official or subcode official. N.J.S.A. 52:27D-126. These officials then become responsible for administration and enforcement of the Uniform Construction Code. Id.
We conclude that any person who occupies the position of a construction code official holds a public office, position or employment within the intent of N.J.S.A. 2C:51-2 c because he performs legislatively delegated regulatory responsibilities. This conclusion is supported by N.J. State Plumbing Inspectors Ass'n v. Sheehan, supra, in which we upheld conflict of interest regulations adopted by the Commissioner to govern certain activities of construction code officials. We noted in that opinion that construction code officials perform "official duties," 163 N.J. Super. at 402 and that "[h]onesty and integrity in the performance of their duties is an absolute charge upon public officials and employees." 163 N.J. Super. at 403.
Furthermore, we discern no basis, in construing the disqualification of N.J.S.A. 2C:51-2 c, to distinguish between persons who perform the responsibilities of a construction code official directly for a municipality and those who perform those responsibilities on behalf of a private on-site inspection and plan review agency, see N.J.A.C. 5:23-4.12. The statutory responsibilities and the concomitant assumption of public trust are the same in both situations. Furthermore, the language of N.J.S.A. 2C:51-2 c is expansive; the disqualification arises from any offense involving or touching any "public office, position or employment." Cf. N.J. Turnpike Employees v. N.J. Turnpike Auth., 200 N.J. Super. 48 (App.Div. 1985), certif. den. 101 N.J. 294 (1985). Our courts have recognized that terms such as "public office" or "public position" should be broadly construed, especially in dealing with questions of integrity in government. See, e.g., Reilly v. Ozzard, 33 N.J. 529, 540-543 (1960); State v. Goodman, 9 N.J. 569, 583-584 (1952); see also Glasser, A New Jersey Municipal Law Mystery: What is a *561 "Public Office?", 6 Rutgers Law Rev. 503 (1952). Thus, we conclude that "N.J.S. 2C:51-2 is applicable" to the disorderly persons offense for which appellant was convicted, and that N.J.S.A. 2A:168A-2 does not preclude the Commissioner of Community Affairs from denying appellant relicensure.
We are convinced that the Commissioner's action should be upheld on another grounds as well. As we read the record, the denial of appellant's application was based not solely on his conviction for a disorderly persons offense but also on the fact that the Commissioner had previously revoked his license. In the original notice denying appellant's application, which the Commissioner upheld in his final decision, the Bureau of Construction Code Enforcement advised appellant that "the Bureau cannot countenance licensing you at this time based upon your recent conviction as well as the recent revocation that was affirmed by the Appellate Division less than six months ago." (Emphasis added). Furthermore, the Director of the Division of Housing and Development testified that the revocation of appellant's license was based not only upon a conviction but also the conduct that led to the conviction.
The present case is thus similar to Hyland v. Kehayas, 157 N.J. Super. 258 (App.Div. 1978), an appeal by a professional planner from the revocation of his license based upon a conviction for bribing a public official. The appellant in that case argued that the Board of Professional Planners was precluded by the express terms of N.J.S.A. 2A:168A-3 from revoking his license because he had obtained a "certificate of rehabilitation" from the Chief Probation Officer who supervised his probation. However, we rejected this argument on the grounds that the Rehabilitated Convicted Offenders Act was not intended to preempt the power of professional boards to discipline their licensees for professional misconduct:
[R]espondent's argument overlooks the fact that the action under review does not involve disqualification or discrimination because of a conviction of crime. The determination by the board consisted of a revocation for misconduct, a standard which does not depend upon a criminal conviction. Hence the provisions of the Rehabilitated Convicted Offenders Act are inapplicable notwithstanding *562 that the underlying misconduct may have also given rise to a criminal conviction. Were we to conclude otherwise it would follow that those licensees whose misconduct results in criminal convictions and who are therefore eligible to be considered for a certificate of rehabilitation are protected from revocation whereas those whose misconduct falls short of criminality are not. We will not ascribe so illogical a purpose to the legislative intent. [157 N.J. Super. at 262].
This analysis is also applicable in the present case. Appellant was denied relicensure based not only upon his conviction for a disorderly persons offense but also for his misconduct while performing public responsibilities authorized by a license issued to him by the Commissioner of Community Affairs. A person whose license has been revoked by a licensing authority for violation of its regulations, whether evidenced by a conviction of an offense or established by other means, is not simply a convicted offender. Rather, such a person has violated the trust reposed in him by the licensing authority and thereby demonstrated a lack of the professional responsibility and moral qualities required for continued licensure. In our opinion it was not the intent of the Rehabilitated Convicted Offenders Act to limit the authority of licensing authorities to revoke or suspend licenses for violations of the statutes and regulations governing licensees and to deny relicensure during the period of revocation or suspension.
Affirmed.