638 A.2d 1357

STEPHEN DOBRON, PETITIONER–APPELLANT, v. BOARD OF TRUSTEES, POLICE AND FIREMEN'S RETIREMENT SYSTEM, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 8, 1994—Decided March 17, 1994.

Before Judges DREIER, BROCHIN and KLEINER.

*Mario A. Iavicoli* argued the cause for appellant.

*Sue Kleinberg,* Deputy Attorney General, argued the cause for respondent (*Deborah T. Poritz,* Attorney General, attorney for respondent; *Joseph L. Yannotti,* Assistant Attorney General, of counsel; *Ms. Kleinberg,* on the brief and letter brief).

The opinion of the court was delivered by

KLEINER, J.S.C. (temporarily assigned).

Claimant Stephen Dobron appeals a final decision of the Police and Firemen's Retirement System (PFRS) which denied him all retirement benefits but ordered the return to him of all contributions paid to the retirement system.

Dobron, who was born August 25, 1934, commenced his public employment as a Senior Corrections Officer at the Youth Reception and Correction Center in Chesterfield Township on December 30, 1967, and was enrolled in Public Employees' Retirement System (PERS). Dobron was later enrolled in PFRS by interfund transfer during the December 23, 1973, to January 4, 1974, pay period.

In 1984, Dobron, then age fifty, was named as a defendant in a three-count indictment charging him with criminal acts arising from his position as a lieutenant assigned to a correctional facility. As of that date, he had served sixteen years and five months as a public employee. His last contribution to the pension system was at the conclusion of the third quarter of 1984. On October 22, 1985, Dobron was found guilty, after a jury trial, of all counts of the indictment. He was sentenced to a custodial term of three years imprisonment. His conviction was affirmed on appeal but his sentence was modified to a term of nine months.[1] The imposition of sentence as a matter of law, *N.J.S.A.* 2C:51–2a(2), also resulted in Dobron's loss of employment as a public employee, *State v. Pitman*, 201 *N.J.Super.* 21, 492 *A.*2d 680 (1985); *State v. Musto*, 188 *N.J.Super.* 106, 456 *A.*2d 114 (1983).

On February 17, 1989, Dobron filed an application for a service retirement allowance effective September 1, 1989, the first day of the month following his fifty-fifth birthday. This application was denied on December 3, 1990 in a written communication stating:

The board noted that your last contribution to the PFRS was for the third quarter of 1984. Since you did not attain the age of 55 until August 25, 1989, after more than two years of inactivity in your account, the board determined that you do not qualify for Service retirement benefits. The board then considered the matter under the Deferred retirement provisions of the statute, *N.J.S.A.* 43:16–11.2, and found you to be ineligible for deferred retirement benefits inasmuch as you were separated from your employment "by removal for cause on charges of misconduct or delinquency."

---

[1] The record on appeal is not clear whether the sentence modification applied to each count of the indictment or to only one count.

Claimant appealed this decision and the appeal was referred to the Office of Administrative Law as a contested matter. The Administrative Law Judge affirmed the denial. That affirmance became a final decision resulting in this appeal.

The crux of claimant's argument administratively and on appeal is his contention that *N.J.S.A.* 43:16A–11.2 is unconstitutional facially and as applied in that it denies equal protection and due process by automatic forfeiture of pension benefits based on age.

In support of this contention, Dobron points to the disposition of a pension application filed by his former co-employee, one John Adams, who was his co-defendant under the same indictment and who also was convicted at the same time. Adams was fifty-five years of age when he applied for a service retirement allowance which was granted after a consideration by the pension board of the eleven-factor balancing test articulated in *Uricoli v. Police & Fire. Retirem. Sys.*, 91 *N.J.* 62, 449 *A.*2d 1267 (1982). Dobron argues that the only difference between his application which was denied and Adams' application which was granted was the respective age of each applicant and that the disparity in results based upon age distinctions under the applicable statutes facially and as applied violates his constitutionally guaranteed rights. We disagree and accordingly we affirm the decision of the PFRS Board of Trustees.

We conclude that the alleged disparate treatment of Dobron and Adams as to pension entitlement was not predicated upon age differences but upon valid distinctions between specified public employees in service as of the date of retirement and those employees who leave office prior to age fifty-five and thereafter seek a deferred retirement at age fifty-five.

*N.J.S.A.* 43:16A–5(1) provides in part:

> Any member in service who has attained age 55 years may retire on a service retirement allowance upon filing a written and duly executed application to the retirement system, setting forth at what time, not less than 1 month subsequent to the filing thereof, he desires to be retired.

*N.J.S.A.* 43:16A–1, "Definitions," provides:

(7) "Service" shall mean service as a policeman or fireman paid for by an employer.

. . . .

(16) "Retirement" shall mean the termination of the member's active service with a retirement allowance granted and paid under the provisions of this act.

This statute plainly requires that an applicant be an active police officer over age fifty-five on the date that the applicant applies for retirement and as of the date when actual retirement commences. Clearly Dobron, who had not reached age fifty-five, was not entitled to a pension pursuant *N.J.S.A.* 43:16A–5.

*N.J.S.A.* 43:16A–11.2 provides in pertinent part:

Should a member, after having established 10 years of creditable service, be separated voluntarily or involuntarily from the service, before reaching age 55, and not by removal for cause on charges of misconduct or delinquency, such person may elect to receive the payments provided for in section 11 of P.L.1944, c. 255 [*N.J.S.A.* 43:16A–11] or section 16 of P.L.1964, c. 241 [*N.J.S.A.* 43:16A–11.1], or a deferred retirement allowance, beginning on the first day of the month following his attainment of age 55 and the filing of an application therefor. . . .

Claimant's application sought a deferred retirement allowance pursuant to *N.J.S.A.* 43:16A–11.2. He contends that the denial of his application was predicated upon his conviction of a crime prior to reaching age fifty-five, and had he been convicted at age fifty-five or older, he would not have been automatically denied a pension.

Although *N.J.S.A.* 43:16A–11.2 does make reference to "removal for cause on charges of misconduct or delinquency" and by indirection indicates "removal" before age fifty-five, the same result occurs as to those public employees who are removed for "cause on charges of misconduct or delinquency" committed after age fifty-five due to mandatory forfeiture provisions encompassed in *N.J.S.A.* 2C:51–2a(2). Removal from office at any age will disqualify the public employee from pension benefits. As noted in *Uricoli v. Police & Fire. Retirem. Sys., supra,* 91 *N.J.* at 66, 449 *A.*2d 1267:

This Court has clearly reaffirmed the rule that honorable service is an implicit requirement of every public pension statute, whether or not this conditional term appears in the particular statute. See *Masse v. Public Employment Retirem. Sys.,* 87 *N.J.* 252, 255–56 [, 432 *A.*2d 1339] (1981); *Makwinski v. State,* 76 *N.J.* 87, 90 [,

385 A.2d 1227] (1978). Courts in this State have consistently imputed to the Legislature the intent that a public employee's right to pension benefits be conditioned upon honorable service. The condition of honorable service is applicable without regard to whether retirement is based on disability, age or length of service.

This distinction is best illustrated by *N.J.S.A.* 2C:51–2, "Forfeiture of public office":

a. A person holding any public office, position, or employment, elective or appointive, under the government of this State or any agency or political subdivision thereof, who is convicted of an offense shall forfeit such office or position if:

(1) He is convicted under the laws of this State of an offense involving dishonesty or of a crime of the third degree or above or under the laws of another state or of the United States of an offense or a crime which, if committed in this State, would be such an offense or crime;

(2) He is convicted of an offense involving or touching such office, position or employment; or

(3) The Constitution or a statute other than the code so provides.

b. The forfeiture set forth in subsection a. shall take effect:

(1) Upon finding of guilt by the trier of fact or a plea of guilty, if the court so orders; or

(2) Upon sentencing unless the court for good cause shown, orders a stay of such forfeiture. If the conviction be reversed, he shall be restored, if feasible, to his office, position or employment with all the rights, emoluments and salary thereof from the date of forfeiture.

It is clear that immediately upon sentencing, both Dobron and Adams, as police officers who were convicted of an offense involving or touching their employment, if still employed, would have forfeited their respective positions. *State v. Pitman, supra; State v. Musto, supra.* The loss of employment would have been automatic irrespective of each individual's age as of the date of sentence.

For an employee over the age of fifty-five who was still active as a police officer on the date of sentence, the loss of job would have rendered him ineligible for a pension pursuant to *N.J.S.A.* 43:16A–5. For an employee such as Dobron, the loss of his job by removal for cause prior to age fifty-five would have rendered him ineligible for a pension pursuant to the specific statutory provisions of *N.J.S.A.* 43:16A–11.2. The statutory distinction is clear. *N.J.S.A.* 43:16A–5 governs pension eligibility for active employees

who are over age fifty-five; *N.J.S.A.* 43:16A–11.2 pertains to employees with ten years of service who are not still active employees when they apply for future benefits to be paid when they attain age fifty-five. Consequently, the distinction between Dobron and Adams does not rest upon an unconstitutional disparity based upon the pension statute. The disparity in result emanates from the date when each applicant applied for a pension in relationship to the date of sentence for violation of various criminal statutes and the implementation of *N.J.S.A.* 2C:51–2.

If an employee over the age of fifty-five is convicted of a crime, he may still qualify for a pension provided he is still employed on the date of his pension application and is still employed on the date of retirement, and provided his sentencing is scheduled after his date of retirement. His conviction does not result in the forfeiture of his employment. However, his sentencing will result in the loss of his employment, and it is his active employment which is a prerequisite to his entitlement to a service pension. Similarly, if an employee with ten years of service and under age fifty-five is convicted of a crime delineated in *N.J.S.A.* 2C:51–2 and resigns from his employment prior to sentencing, he too will be eligible for a pension upon reaching age fifty-five.[2] *Corvelli v. Bd. of Trustees, Police & Fire. Retirem. Sys.,* 130 *N.J.* 539, 549–50,

---

[2] *N.J.S.A.* 43:16A–3(3) provides, "Should any member withdraw his aggregate contributions, or become a beneficiary or die, or if more than 2 years have elapsed from the date of his last contributions to the system, he shall thereupon *cease to be a member* [of PFRS]." [Emphasis added.] *N.J.S.A.* 43:16A:11.2, which provides, "Should a *member,* after having established 10 years of creditable service, be separated voluntarily or involuntarily . . .," arguably would require a deferred pension applicant to be a member of the retirement system on the date he applies for a future pension. Thus it is arguable that an applicant must apply upon leaving his employment after ten years but before age fifty-five, within two years of his departure from employment. We need not decide the validity of this argument due to our conclusion that the entire pension act, *N.J.S.A.* 43:16A–1 to –68, is not violative either facially or as applied to the claimant. However, even that argument is questionable. *See Fiola v. N.J. Treas. Dept.,* 193 *N.J.Super.* 340, 474 *A.2d* 23 (1984).

617 *A*.2d 1189 (1992); *Widdis v. Police & Fire. Retirem. Sys.*, 238 *N.J.Super.* 70, 79, 568 *A*.2d 1227 (1990).

As argued by the defendant, Adams and Dobron were convicted on October 22, 1985. Adams applied for a service retirement effective December 1, 1985. *N.J.S.A.* 43:16A–5 requires one month notice of an intended retirement date. Although defendant has not indicated the actual date of Adams' application for retirement or his date of sentence, we may infer that he applied for retirement between October 22, 1985 and October 31, 1985, and that his sentencing did not occur until after December 1, 1985. This is clearly distinguishable from the facts relating to Dobron. Dobron's employment was terminated due to his criminal conviction pursuant to *N.J.S.A.* 2C:51–2, and he applied for his pension benefits after his sentence was affirmed on appeal. Thus, the alleged disparate treatment of Dobron and his co-defendant Adams as to pension entitlement was not predicated upon age differences, it was in fact predicated upon a valid distinction between those in service as of retirement and those who leave office prior to age fifty-five and seek a deferred retirement at age fifty-five.

The decision of the Board of Trustees is affirmed.