696 A.2d 1124

GERALD MCCANN, PLAINTIFF–APPELLANT, v. SUPERINTEN-
DENT OF ELECTIONS OF HUDSON COUNTY AND CLERK OF
THE CITY OF JERSEY CITY, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued April 7, 1997—Decided April 8, 1997.

Before Judges HAVEY, BROCHIN and KESTIN.

*Jan Alan Brody* argued the cause for appellant (*Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein,* attorneys; *Mr. Brody* and *Kenneth L. Winters,* on the brief).

*Mark J. Fleming,* Assistant Attorney General, argued the cause for respondent Superintendent (*Peter Verniero,* Attorney General, attorney; *Jaynee LaVecchia,* Assistant Attorney General, of counsel; *Mr. Fleming,* on the brief).

*Daniel W. Sexton,* Assistant Corporation Counsel, argued the cause for respondent Clerk.

The opinion of the court was delivered by

KESTIN, J.A.D.

This matter arises on plaintiff's emergent application for a stay pending appeal and for expedited consideration of the appeal. The question is whether plaintiff is eligible to be a candidate for the office of Mayor of Jersey City in the May 13, 1997 election.

Plaintiff commenced the action in the Chancery Division on March 31, 1997 by complaint and order to show cause with temporary restraints, after he had been declared disqualified to vote pursuant to *N.J.S.A.* 19:4–1(8). That determination invalidated plaintiff's candidacy. *See N.J.S.A.* 10:1–1. On April 4, the matter was argued before the trial court and decided on the record. The order to show cause was discharged, the temporary restraints were vacated, and the complaint was dismissed. The trial judge announced that a stay would be granted until 4:00 p.m. on April 7 in order to afford plaintiff an opportunity to appeal.

The trial court's formal orders were entered on April 7. On the same day, plaintiff's notice of appeal and application for emergent relief were filed, and we heard oral argument by telephone. The parties informed us that they were prepared to submit the appeal on the basis of their written and oral arguments on the emergent application and the record. After full consideration of the arguments advanced and the record, we entered an order accelerating

the appeal, summarily affirming the trial court, and dismissing as moot the motion for a stay pending appeal.

We are in substantial agreement with the reasons for decision articulated by Judge D'Italia in his April 4, 1997 opinion, 303 *N.J.Super.* 371, 696 *A.*2d 1134 (Ch.Div.1997). We add some further observations.

*N.J.S.A.* 19:4–1(8) disqualifies from suffrage any person

Who is serving a sentence or is on parole or probation as the result of a conviction of any indictable offense under the laws of this or another State or the United States.

We regard as reasonable Judge D'Italia's conclusion that there are essential similarities between the federal supervised release program (the program), in which plaintiff is presently enrolled, and parole as it is known on the State level. Further, the program also appears to embody many of the elemental qualities of probation as we know it. The sentence imposed upon plaintiff in the United States District Court may be seen to have been a split sentence beginning with a term of imprisonment, followed by a term of supervised release. Service of that sentence will not be completed until all the requirements imposed have been consummated. Clearly, one of the basic features of the statute's suffrage disqualification is that restoration of voter status is withheld until the full rehabilitative design of a criminal sentence is achieved, *i.e.,* until all the constituent requirements of the sentence imposed on a criminal conviction have been fulfilled. *Cf. State v. Musto,* 188 *N.J.Super.* 106, 107–08, 456 *A.*2d 114 (App.Div.1983).

Affirmed.