883 A.2d 367

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. LUIS PEREZ, DEFENDANT–APPELLANT.

Argued September 13, 2005—Decided October 13, 2005.

*George T. Taite,* argued the cause for appellant (*De Luca & Taite,* attorneys; *Samuel R. De Luca,* on the brief).

*Robert E. Bonpietro,* Deputy Attorney General, argued the cause for respondent (*Peter C. Harvey,* Attorney General of New Jersey, attorney).

PER CURIAM.

Defendant Luis Perez was charged in a multi-count indictment with taking part in a scheme to obtain fraudulent motor vehicle documents. Reserving his right to appeal, Perez entered a plea of guilty to second-degree conspiracy to commit official misconduct, in violation of *N.J.S.A.* 2C:5–2 and 2C:30–2 (Count 1), as part of a plea agreement that called for dismissal of all other counts against him. Prior to entering his plea, Perez had moved to dismiss both the conspiracy count and a charge of accomplice to official misconduct (Count 2). Perez had argued that he could be neither a co-conspirator nor an accomplice to official misconduct because his co-defendant, who was central to the official misconduct alleged, was not a "public servant" within the meaning of *N.J.S.A.* 2C:30–2. The trial court rejected Perez's argument and, on appeal, the Appellate Division affirmed. We granted defendant's petition for certification, *State v. Perez,* 182 *N.J.* 429, 866 *A.*2d 986 (2005), and now, for reasons that require only brief discussion, affirm his conviction.

Perez's co-defendant, Maria Elena Vijande, held the position of Head Clerk at the North Bergen Department of Motor Vehicle (DMV) office, which was authorized to issue motor vehicle licenses and vehicle registrations in the name of the State of New Jersey. Defendant and other co-defendants were charged with conspiring with Vijande to issue false DMV documents based on fraudulent applications. At the time of the events leading to the indictment, the North Bergen DMV was one of numerous local motor vehicle agencies that had been privatized pursuant to Reorganization No. 002–1995 filed by Governor Christine Todd Whitman. *See generally Commuc'ns Workers of Amer. v. Whitman,* 335 *N.J.Super.* 283, 286, 762 *A.*2d 284 (App.Div.2000) (describing history of public versus private operation of DMV agencies), *certif. denied,* 167 *N.J.* 636, 772 *A.*2d 937 (2001). As a consequence of the privatization,

the clerks at the North Bergen DMV, Head Clerk Vijande included, were not employed by the State. Rather, they were employed by a corporate entity with whom the State had contracted to operate the North Bergen DMV agency. Perez advances the argument that because Vijande was not a State employee at the time of the alleged misconduct she did not meet the definition of "public servant" and, therefore, could not be charged with official misconduct. For that reason, there was an insufficient basis for Perez's plea to conspiracy to commit official misconduct.

We disagree. In pertinent part, *N.J.S.A.* 2C:30–2 provides that

[a] public servant is guilty of official misconduct when, with purpose to obtain a benefit for himself or another or to injure or to deprive another of a benefit:

a. He commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized or he is committing such act in an unauthorized manner[.]

The statute's purpose plainly is to prevent the perversion of governmental authority. In furtherance of that end, the term "public servant" is defined broadly for purposes of misconduct in office, as well as for other offenses against public administration, to encompass individuals who are authorized to perform a governmental function, irrespective of whether they hold a position of public employment.

"Public servant" means any officer or employee of government, including legislators and judges, and any person participating as juror, advisor, consultant or otherwise, in performing a governmental function, but the term does not include witnesses[.]

[*N.J.S.A.* 2C:27–1g.]

One does not escape the statute's reach merely because one is not an employee of government. *See* Cannel, *Criminal Code Annotated* (2005), Comment 2 to *N.J.S.A.* 2C:27–1 at 744 (noting term's broad definition includes person "given the power to exercise public authority even if he is not a government employee."). *See also Bevacqua v. Renna,* 213 *N.J.Super.* 554, 517 *A.*2d 1215 (App.Div.1986) (finding construction code official to be "public servant" based on statutorily granted regulatory duties); *State v. Vickery,* 275 *N.J.Super.* 648, 646 *A.*2d 1159 (Law Div.1994) (hold-

ing that SPCA became equivalent of governmental entity due to statutorily authorized transfer of regulatory powers). Accordingly, Vijande's employment with a private entity that had a contract to serve as a State DMV agent did not insulate her from a charge of official misconduct. Rather, as the courts below understood, a question remained as to whether the person holding the position of Head Clerk at the North Bergen DMV office, with its attendant duties and responsibilities, carried out a governmental function.

We are satisfied that the courts below concluded correctly that, as Head Clerk of the North Bergen DMV, Vijande met the definition of a "public servant." The Legislature clearly was endeavoring to include within the term those individuals who, through a contractual delegation of responsibility, are empowered to exercise public authority. Vijande exercised such power when she caused to issue, directly or through the clerks she supervised, State-authorized motor vehicle licenses as well as vehicle title and registration documents. Indeed, at oral argument there appeared to be no dispute about the trial court's finding that Vijande's official job duties included responsibility for the review of applications for, and issuance of, State-authorized motor vehicle licenses, registrations, certificates of title, and forms of identification. Vijande, as Head Clerk, supervised and performed those State governmental licensing and registration functions at the North Bergen DMV, which was, in essence, "the government" for such purposes in the North Bergen region. We conclude that there is no reasonable basis for contending that there was ambiguity about the governmental nature of the authority wielded by Vijande as a result of her position as Head Clerk. In that respect, we find this matter distinguishable from *State v. Mason,* 355 *N.J.Super.* 296, 302–05, 810 *A.*2d 88 (App.Div.2002), which found that a private educational contractor's status was ambiguous at best in respect of the execution of a public function because the provision of education is not exclusive to government. Vijande's perversion of the uniquely governmental authority that she wielded is what the official misconduct statute is designed to prevent. Perez, there-

fore, was properly charged and convicted of conspiracy to commit official misconduct with Vijande.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice PORITZ and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, WALLACE and RIVERA–SOTO—7.

*Opposed*—None.