194 N.J. Super. 492 (1984)
477 A.2d 394
IN THE MATTER OF THE TENURE HEARING OF ORAZIO TANELLI, SCHOOL DISTRICT OF THE TOWN OF MONTCLAIR, ESSEX COUNTY.
Superior Court of New Jersey, Appellate Division.
Argued April 16, 1984.
Decided June 20, 1984.
*494 Before Judges BISCHOFF, PETRELLA and BRODY.
Ezra D. Rosenberg argued the cause for appellant (Katzenbach, Gildea & Rudner, attorneys; Arnold M. Mellk, of counsel; Ezra D. Rosenberg on the brief).
Lois M. Van Deusen argued the cause for respondent Montclair Board of Education (McCarter & English, attorneys; Andrew T. Berry, of counsel; Lois M. Van Deusen on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for State Board of Education (Michael R. Clancy, Deputy Attorney General, on statement in lieu of brief).
The opinion of the court was delivered by BRODY, J.A.D.
This appeal requires us to consider the interplay between the doctrine of collateral estoppel and the evidence rule against hearsay. Appellant was dismissed from the position of tenured high school teacher in the Montclair school district. The State Board of Education (Board) determined that the dismissal was warranted under the Tenure Employees Hearing Law, N.J.S.A. *495 18A:6-10 et seq., because of "unbecoming conduct." The only evidence before the Board in support of the charges was appellant's conviction in the Superior Court[1] for being a disorderly person when he "repeatedly telephone[d] another for the purpose of annoying or molesting such person." N.J.S.A. 2A:170-29(4). The victim of the offense was appellant's principal.
N.J.S.A. 2C:51-2(a)(2) requires forfeiture of a public office or position if the holder "is convicted of an offense involving or touching such office, position or employment." The matter was referred to an Administrative Law Judge who summarily recommended dismissal under the forfeiture statute. The Board reversed because the offense occurred before the effective date of the forfeiture statute and remanded for a hearing. The Board said in its mandate:
[T]he sole purpose of the hearing will be to allow [appellant] to present mitigating facts and arguments as to whether under all the circumstances, [appellant] has been guilty of conduct unbecoming a teacher, and if so, what penalty should be imposed.
In its opinion the Board directed that appellant "should not be permitted to re-litigate the facts established by his trial and conviction in the Montclair Municipal Court; his guilt is res judicata."
Complying with the mandate of the Board, the Administrative Law Judge barred appellant from presenting evidence that he did not make the harassing telephone calls but received appellant's evidence in mitigation. Witnesses testified without contradiction to appellant's good character and teaching effectiveness both before and after[2] the conviction. The judge accepted *496 "the charge [of unbecoming conduct] as true" but found that it did not warrant dismissal. He assessed a penalty of eight months' salary. The Commissioner affirmed but the Board reversed and ordered dismissal. We affirm the Board in deference to its authority and judgment.
The Board found that "reinstatement of [appellant] to his teaching position would not be in the best interest of the students, who look to their teachers as role-models, would undermine the authority of the principal, who is the educational leader of the school, and would interfere with the harmonious operation of the educational process." Appellant argues that the Board erroneously gave preclusive effect to the conviction and that its action was not supported by substantial credible evidence.
Essentially appellant contends that the Board's action was inconsistent in that it first remanded for a hearing to determine in light of mitigating factors whether the charges were sustained and he should be dismissed, and then disregarded the mitigating factors and found that the conviction per se established the charges and warranted dismissal.
The Board was not inconsistent. In its first decision it determined that even though the conviction established appellant's guilt of the offense, the offense may or may not be "unbecoming conduct" warranting dismissal depending upon mitigating circumstances. In its second decision it concluded, in effect, that because appellant offered no evidence to mitigate the seriousness of the conduct underlying the offense, the offense alone warranted dismissal despite mitigating circumstances aliunde the offense. Appellant has consistently denied his guilt of the offense and therefore offered no explanation that would remove its sting. There is evidence from which one may infer that appellant acted out of revenge or pique for being passed-over twice when a new department head was appointed.
The doctrine of collateral estoppel may be applied in a removal proceeding to establish misconduct previously established *497 in a court proceeding. In re Coruzzi, 95 N.J. 557 (1984). The conviction there of an indictable offense was deemed sufficient ground for removing a state court judge. Collateral estoppel has been similarly applied in attorney disbarment proceedings. In re Rosen, 88 N.J. 1, 3 (1981); In re Mirabelli, 79 N.J. 597, 602 (1979).
Collateral estoppel must be applied equitably, not mechanically. Here, several factors call for its application. The misconduct at issue was previously established in a quasi-criminal trail where the burden of proof was greater than the burden required in this proceeding. See In re Coruzzi, supra, 95 N.J. at 567. In addition, knowing the stakes were high, appellant fully and vigorously defended himself in the prior proceeding. Finally, as previously noted, the Legislature has since required forfeiture upon conviction alone without regard for mitigating factors.
Appellant argues that Evid.R. 63(20), an exception to the hearsay rule, bars use against him of a disorderly persons conviction to prove facts in the tenure proceeding that were essential to sustain the judgment of conviction. The rule reads:
In a civil proceeding, except as otherwise provided by court order on acceptance of a plea, evidence is admissible of a final judgment against a party adjudging him guilty of an indictable offense in New Jersey or of an offense which would constitute an indictable offense if committed in this state, as against that party to prove any fact essential to sustain the judgment. [Emphasis added.]
The Rule permits use of a judgment of conviction for only an indictable offense to prove facts at issue in civil proceedings. A judgment of conviction for a non-indictable offense may not be used for that purpose. Burd v. Vercruyssen, 142 N.J. Super. 344, 353 (App.Div. 1976), certif. den. 72 N.J. 459 (1976).
Appellant's point is not met by simply noting that the present proceeding was before an administrative agency where hearsay is admissible. N.J.A.C. 1:1-15.8(a). Where, as here, the judgment of conviction was the only evidence on the point, the Board could not find "unbecoming conduct" in the absence *498 of a residuum of "legally competent evidence." N.J.A.C. 1:1-15.8(b). Weston v. State, 60 N.J. 36, 51 (1972).
The judgment of conviction, however, was not used as evidence of appellant's unbecoming conduct. Rather, it was used to estop appellant from retrying the facts that sustained the judgment because he already had his day in court on those issues. See State v. Gonzalez, 75 N.J. 181, 186-192 (1977). The rule against hearsay that bars use as evidence of a disorderly persons judgment of conviction, does not bar its use in a proper case to estop collaterally the party convicted from retrying the factual issues essential to sustain the judgment. See Crowall v. Heritage Mut. Ins. Co., 118 Wis.2d 120, n. 4, 346 N.W.2d 327, 330, n. 4 (Ct.App. 1984). To be sure, in many cases inconsequential non-indictable offenses are adjudicated informally by a plea of guilty or a brief trial in the municipal court. In such a case collateral estoppel would not be applied. That was not the case here. It should also be noted that collateral estoppel may not be applied against a defendant in a criminal proceeding where he is guaranteed the right to trial by jury on all issues. State v. Ingenito, 87 N.J. 204, 216-217 (1981).
We have carefully examined the record and conclude that it contains sufficient credible evidence to support the Board's decision. We must therefore defer to its judgment. Dore v. Bedminster Tp. Bd. of Ed., 185 N.J. Super. 447, 453 (App.Div. 1982). While its findings and conclusions are terse, the Board clearly considered appellant's conduct so inimical to the good of the school system and its students that he can no longer stay on. Appellant argues that the Board ignored his past service, his apparent effectiveness as a teacher and the evidence of his general good character. We disagree. The Board expressly remanded for evidence of mitigating factors and there is no reason to believe they were overlooked. The dissenting votes of four Board members attest to the difficulty the Board had in arriving at its decision. Had appellant acknowledged his conduct and offered an explanation, the impact of his bizarre and unseemly behavior might have been softened.
*499 Appellant's remaining points are clearly without merit and need not be discussed. R. 2:11-3(e)(1)(E).
Affirmed.
NOTES
[1] The parties throughout these proceedings have referred to a "municipal court conviction." Appellant was first found guilty in the municipal court. Because he appealed, the matter was heard de novo in the Law Division pursuant to R. 3:23-8(a). There he was again found guilty. The Appellate Division affirmed the Law Division conviction.
[2] The local board did not suspend appellant during pendency of the proceedings.