231 N.J. Super. 205 (1989)
555 A.2d 639
OLD BRIDGE PUBLIC WORKERS AND SANITATION UNION, PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF OLD BRIDGE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 25, 1989.
Decided February 16, 1989.
*207 Before Judges GAULKIN, BILDER and A.M. STEIN.
Glenn J. Berman, for appellant.
Oxfeld, Cohen, Blunda, Friedman, LeVine & Brooks, for respondent (Sanford R. Oxfeld, on the brief).
The opinion of the court was delivered by GAULKIN, P.J.A.D.
Plaintiff Old Bridge Public Workers and Sanitation Union brought this action to confirm an arbitration award determining that the defendant Township of Old Bridge "did not have just cause to suspend and later discharge Gary Galvao." Rejecting the Township's contention that Galvao's discharge was mandated by N.J.S.A. 2C:51-2, the trial judge confirmed the award. The Township appeals.

I.
Galvao, a mechanic employed by the Township and a member of the Union, pleaded guilty to two counts of possession of methamphetamine with intent to distribute. N.J.S.A. 24:21-19a(1); N.J.S.A. 24:21-19b(3) (repealed by L. 1987, c. 106, § 25). He was sentenced to concurrent two-year probationary terms *208 with special conditions that he enter and complete an out-patient drug treatment program.
Just before sentence was imposed, the Township dismissed Galvao, apparently relying on Township Ordinance 3-3.3, which lists among "causes for removal" the "commission of a criminal act" and "conduct unbecoming a public employee." The Union promptly filed a grievance, which led to the arbitration. By decision issued December 31, 1987, the arbitrator held that Galvao's dismissal was without "just cause" within the meaning of Article III of the collective bargaining agreement between the Union and the Township. He directed that Galvao "is to be reinstated to his former position forthwith, but without any back pay or benefits."
The record does not indicate that any reference was made to N.J.S.A. 2C:51-2 either before or at the arbitration. On February 4, 1988, however, the Township business administrator advised Galvao that "a judgment of conviction for a third-degree offense under New Jersey Statute 2C:51-2 serves as an automatic basis for forfeiture of public office, position or employment," that the Monmouth County Prosecutor advised that "your conviction... is of a nature which compares to a third-degree offense" and accordingly that "you are deemed to have forfeited your employment as ... of this date." The Union then filed this action.

II.
The core question presented in the trial court and here is whether Galvao's convictions trigger the mandatory forfeiture of employment provided by N.J.S.A. 2C:51-2a(1):
A person holding any public office, position, or employment, elective or appointive, under the government of this State or any agency or political subdivision thereof, who is convicted of an offense shall forfeit such office or position if:
(1) He is convicted under the laws of this State of an offense involving dishonesty or of a crime of the third degree or above or under the laws of another state or of the United States of an offense or a crime which, if committed in this State, would be such an offense or crime.
*209 The trial judge held that Galvao was not convicted of "a crime of the third degree or above" because his offenses, like other Title 24 crimes, are ungraded. We find that reading of the forfeiture statute too narrow.
Each of Galvao's offenses exposed him to a custodial sentence of up to five years, the same maximum sentence authorized for a third degree offense under Title 2C. N.J.S.A. 24:21-19b(3); N.J.S.A. 2C:43-6a(3). Galvao's offenses were characterized as high misdemeanors, which Title 2C equates to third degree crimes for sentencing purposes. N.J.S.A. 24:21-19b(3); N.J.S.A. 2C:1-4c; N.J.S.A. 2C:43-1b. We also note that upon the 1987 transfer of the offense into Title 2C, the legislature made simple possession of less than one ounce of methamphetamine a third degree crime. N.J.S.A. 2C:35-5a(1); N.J.S.A. 2C:35-5b(9). Although ungraded, Galvao's offenses are thus in all respects the equivalent of third degree crimes.
In finding that Galvao's convictions did not activate the forfeiture provision, the trial judge relied largely on N.J.S.A. 2C:43-1(b) as it existed before the adoption of L. 1987, c. 106, § 8:
Notwithstanding any other provision of law, a crime defined by any statute of this State other than this code and designated as a high misdemeanor shall constitute for the purpose of sentence a crime of the third degree. Except as provided in sections 2C:1-4c and 2C:1-5b and notwithstanding any other provision of law, a crime defined by any statute of this State other than this code and designated as a misdemeanor shall constitute for the purpose of sentence a crime of the fourth degree. The provisions of this subsection shall not, however, apply to the sentences authorized by the "New Jersey Controlled Dangerous Substances Act," P.L. 1970, c. 226 (C. 24:21-1 through 45), which shall be continued in effect.
Based upon the final sentence of that section, as explicated in State v. Sobel, 183 N.J. Super. 473 (App.Div. 1982), the judge concluded that N.J.S.A. 2C:51-2 was inapplicable because sentencing provisions of the Code which are applicable solely to degree-classified offenses are inapplicable to Title 24 offenses.
That conclusion misperceives the nature of the forfeiture sanction. Forfeiture is not a sentencing disposition, but a civil penalty which is a collateral consequence of conviction. State *210 v. Heitzman, 107 N.J. 603, 604 (1987). N.J.S.A. 2C:43-2b sets forth the kinds of dispositions that a court may make in sentencing under the Code. While a judgment or order imposing a civil penalty may be incorporated in the sentence, it remains a civil remedy. N.J.S.A. 2C:43-2d. The limitations imposed in N.J.S.A. 2C:43-1(b) are thus inapplicable here.
The legislature did provide, however, that "[t]he provisions of subtitle 3," in which N.J.S.A. 2C:51-2 appears, "are applicable to offenses defined by other statutes but [with certain exceptions not here relevant]." N.J.S.A. 2C:1-5b. That provision certainly suggests that the forfeiture section can be applicable to ungraded offenses. To be sure, N.J.S.A. 2C:51-2 directs forfeiture upon conviction "of a crime of the third degree or above." But it also directs that forfeiture shall result from conviction of an equivalent offense, i.e., one "under the laws of another state or of the United States ... which, if committed in this State, would be [a crime of the third degree or above]." We are satisfied that the legislature thereby intended that forfeiture should follow upon conviction of a crime of the specified level of seriousness, whether that conviction arises under the laws of New Jersey or under the laws of another state or the United States. If a crime committed in another jurisdiction is sufficient to call for forfeiture of New Jersey public employment, surely a comparable ungraded crime in New Jersey was also intended to yield that result. That inference as to the probable legislative intent is particularly powerful in light of the fact that some Title 24 offenses could result in a life sentence. N.J.S.A. 24:21-19b(2) (repealed by L. 1987, c. 106, § 25). Moreover, the fact that Galvao's crimes would now be third degree offenses plainly subject to N.J.S.A. 2C:51-2 further confirms the legislative intent. See Heitzman, 107 N.J. at 605 (O'Hern and Stein, JJ., concurring).

III.
We conclude, therefore, that Galvao's convictions under N.J.S.A. 24:21-19a(1) and 19b(3), being equivalent to convictions *211 of third degree crimes, required invocation of the forfeiture provision of N.J.S.A. 2C:51-2. The arbitrator could not lawfully contravene the statutory mandate that Galvao's public employment "shall" be forfeited. Jersey City Ed. Ass'n v. Bd. of Ed., 218 N.J. Super. 177, 188 (App.Div. 1987). We find no merit in the Union's contention that, since the Township is not barred from rehiring Galvao, an arbitration award ordering his reinstatement does not conflict with public policy. The arbitrator did not purport to order the Township to hire Galvao anew; in any event, the selection of new personnel is a matter of management prerogative. Id. at 187; Teaneck Bd. of Educ. v. Teaneck Teachers Ass'n, 94 N.J. 9, 16 (1983).
The judgment is reversed. The matter is remanded to the Chancery Division for entry of judgment vacating the arbitration award.