256 N.J. Super. 240 (1992)
606 A.2d 891
STATE OF NEW JERSEY
v.
DWAYNE BABER.
Superior Court of New Jersey, Law Division Essex County.
Decided March 20, 1992.
*241 JoAnn Martin for New Jersey Turnpike Authority.
Michael B. Bukatman for defendant.
FUENTES, J.S.C.
In this case, the New Jersey Turnpike Authority (Authority) seeks application of the "Forfeiture of Public Office" statute to one of its employees. The novel issue is whether disorderly *242 person convictions for simple assault, N.J.S.A. 2C:12-1(a), and failure to make lawful disposition of drugs, N.J.S.A. 2C:35-10(c), justify forfeiture of defendant's job as a turnpike utility worker. Defendant asserts that since these offenses are not related to his employment, forfeiture is unwarranted.
The facts are not largely disputed. On April 26, 1991, defendant consumed several prescription pills he had taken from his parent's home. Shortly thereafter, he operated a vehicle and was involved in an automobile accident. Following the accident, police arrested the defendant for operating a vehicle under the influence pursuant to N.J.S.A. 39:4-50. As he was being placed in handcuffs, officers observed defendant holding a small plastic bag. A scuffle ensued as officers tried to retrieve the bag. The defendant struck the officers, as he threw himself to the ground. While on the ground, he consumed an additional number of pills. Defendant conceded he swallowed the pills to avoid getting caught with illegal drugs.
On October 29, 1991, Baber pleaded guilty to two counts of simple assault, N.J.S.A. 2C:12-1(a), failure to turn over drugs, N.J.S.A. 2C:35-10(c), and operating a motor vehicle while in possession of a controlled dangerous substance in violation of N.J.S.A. 39:4-49.1. At sentencing the traffic offense was merged into the disorderly person offenses and the defendant was placed on probation for two years. Mandatory drug and VCCB penalties were imposed. Defendant's driving privileges were suspended for six months.
The state's primary contention is that the nature of defendant's offenses and his behavior at the scene bear directly on his character and fitness to perform his duties effectively. Baber works under the immediate supervision of the toll collection department. He cleans turnpike buildings, booths, tunnels and the immediate plaza area at each interchange. He also assists in loading and unloading of toll collection supplies. The job requires a valid New Jersey driver's license. N.J.S.A. *243 2C:51-2, which governs the forfeiture of public employment, provides as follows:
a) A person holding any public office, position, or employment, elective or appointive, under the government of the State or any agency or political subdivision thereof, who is convicted of an offense shall forfeit such office or position if:
(1) He is convicted under the laws of this State of an offense involving dishonesty or of a crime of the third degree or above or under the laws of another state or of the United States of an offense or a crime which, if committed in this State, would be such an offense or crime;
(2) He is convicted of an offense involving or touching such office, position or employment....
Certainly not all disorderly or petty disorderly person offenses warrant forfeiture. However, persons convicted of disorderly person offenses "involving dishonesty" or "involving or touching" their employment may forfeit their public position. Moore v. Youth Correctional Inst., 119 N.J. 256, 574 A.2d 983 (1990) (harassment); Bevacqua v. Renna, 213 N.J. Super. 554, 517 A.2d 1215 (App.Div. 1986) (failure to remit inspection fees to a municipality); State v. Pitman, 201 N.J. Super. 21, 492 A.2d 680 (App.Div. 1985) (simple assault and obstructing the administration of law); N.J. Turnpike Employees v. N.J. Turnpike Auth., 200 N.J. Super. 48, 490 A.2d 338 (App.Div. 1985) (failure to remit toll fees); Matter of Tanelli, 194 N.J. Super. 492, 477 A.2d 394 (App.Div. 1984) (telephone harassment). As the offenses in the present case do not involve dishonesty, the primary issue is whether the offenses involve or touch Baber's employment.
Recently the New Jersey Supreme Court had occasion to set forth standards for courts to consider in determining forfeiture cases when there is no readily apparent nexus between the crime committed and the position of employment. Moore v. Youth Correctional Inst., 119 N.J. at 269, 574 A.2d 983. First, a court must "assess the gravity of the crime as revealed by its nature, its context, and the identity of the victim. Second, there is a need to assess the qualifications required of the employee's public employment." Ibid. The forfeiture statute *244 "reflects a belief that circumstances surrounding a criminal conviction bear directly on an employee's competency and capacity to continue to do his or her job or to perform any other job for the state." Id. at 271, 574 A.2d 983; State v. Musto, 187 N.J. Super. 264, 312, 454 A.2d 449 (Law.Div. 1982). The purposes of this statute are directed toward all public employees. N.J. Turnpike Employees v. N.J. Turnpike Auth., 200 N.J. Super. at 54, 490 A.2d 338. It does not matter whether the misconduct takes place during working hours or on the job premises. Moore v. Youth Correctional Inst., 119 N.J. at 269, 574 A.2d 983.
In this case, defendant consumed prescription drugs taken from his parent's home. After consuming the drugs, he operated a motor vehicle under the influence of drugs and was involved in an automobile accident. In an effort to conceal or destroy other pills in his possession, Baber assaulted two police officers. In this context, defendant's conduct evidenced a lack of integrity and personal responsibility essential for public employees working in or near toll collection booths. His conduct casts doubt on his ability to work in the toll collection areas with other public employees, and as such, his convictions involve or touch his employment as a utility worker.
Additionally, Baber's decision to operate a vehicle while under the influence of drugs demonstrated a reckless disregard for the safety and property of others. State v. Tamburro, 68 N.J. 414, 421-22, 346 A.2d 401 (1975); State v. Hammond 118 N.J. 306, 318, 571 A.2d 942 (1990) (citing State v. Tischio, 107 N.J. 504, 512-14, 527 A.2d 388 (1987)). In sum, Baber's conduct was inconsistent with the high degree of care and responsibility expected of turnpike employees. See N.J.A.C. 4A:2-2.3(a)6. As stated in Moore, supra, when a conviction "casts such a shadow over the employee as to make his or her continued service appear incompatible with the traits of trustworthiness, honesty, and obedience to law and order, then forfeiture is appropriate." 119 N.J. at 270, 574 A.2d 983. Further, it should *245 be noted that defendant's employment requires a valid New Jersey driver's license which he has forfeited by his convictions.
Defendant next argues that he was not advised his plea would result in forfeiture of his public employment. This contention is without merit. It is clear that in New Jersey a defendant need only be advised of the penal consequences of his plea, not collateral consequences. State v. Kiett, 121 N.J. 483, 582 A.2d 630 (1990); State v. Howard, 110 N.J. 113, 539 A.2d 1203 (1988). Loss of public or private employment has been found to be a collateral consequence about which a defendant need not be advised. State v. Heitzman, 209 N.J. Super. 617, 508 A.2d 1161 (1986), aff'd o.b., 107 N.J. 603, 527 A.2d 439 (1987); State v. Riggins, 191 N.J. Super. 352, 466 A.2d 981 (Law.Div. 1983); State v. Reid, 148 N.J. Super. 263, 266, 372 A.2d 626 (App.Div. 1977), cert. denied, 75 N.J. 520, 384 A.2d 500 (1977); See also United States v. Crowley, 529 F.2d 1066 (3d. Cir.1976) cert. denied, 425 U.S. 995, 96 S.Ct. 2209, 48 L.Ed.2d 820 (1976); United States v. Cariola, 323 F.2d 180, 186 (3rd Cir.1963).
Defendant finally argues that the question of his forfeiture should first be addressed by an appropriate administrative agency to determine whether there is any relationship between the crimes committed and his employment duties. See e.g., Moore v. Youth Correctional Inst., 119 N.J. at 266, 574 A.2d 983; Matter of Tanelli, 194 N.J. Super. at 494-95, 477 A.2d 394. In Moore, supra, the supreme court took note of certain situations in which a disorderly person conviction "is not so obviously related to employment, through either its inherent gravity or context, as to alert a sentencing court or the defendant that forfeiture will follow from the conviction." 119 N.J. at 256, 574 A.2d 983. In those instances, the court recommended that there first be an administrative hearing in the government office in which the employee works.
However, the primary concern in Moore was that municipal courts would not have sufficient knowledge of defendant's job *246 requirements to properly rule as to forfeiture. Further, the court recognized that ordinarily a defendant's employer is not a party to the municipal court proceeding to "bring information relevant to the employee's work requirements and responsibilities to the court's attention." Moore v. Youth Correctional Inst., 119 N.J. at 266-67, 574 A.2d 983. None of these concerns are present in this case. Here, the defendant's employer appeared at sentencing and provided the court with a full description of defendant's job duties and responsibilities. Defendant was afforded a full and fair opportunity to address the issue of forfeiture prior to his sentence.
The forfeiture statute specifically directs that forfeiture shall take effect when a state employee is found guilty or pleads guilty "if the court so orders." N.J.S.A. 2C:51-2(b)(1). There is no requirement in the forfeiture statute that applications for forfeiture involving disorderly person offenses must first be addressed by an administrative agency to assess the relationship between the crimes committed and defendant's public employment. Further, in addition to the forfeiture statute, the criminal code provides that a court may remove from office any person convicted of an offense. N.J.S.A. 2C:43-2a and d. This includes convictions for disorderly person offenses. N.J.S.A. 2C:1-14(k). Finally, an order directing forfeiture may be incorporated in the court's sentence. N.J.S.A. 2C:43-2d; Old Bridge Public Wkrs. v. Old Bridge Twp., 231 N.J. Super. 205, 210, 555 A.2d 639 (App.Div. 1989).
Since defendant's conviction for failure to deliver drugs to police and for simple assault upon two police officers were offenses "involving or touching" his job as a turnpike utility worker, forfeiture of employment is justified. Accordingly, the Authority's request for forfeiture is granted.