649 A.2d 872

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. GERALD TIMOLDI, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 1, 1994—Decided November 18, 1994.

Before Judges PRESSLER, LANDAU and NEWMAN.

*Susan L. Reisner,* Public Defender, attorney for appellant (*Susan Green,* Assistant Deputy Public Defender, of counsel and on the brief).

*Carmen Messano,* Hudson County Prosecutor, attorney for respondent (*Patrick K. Sharkey,* Assistant Prosecutor, on the letter-brief).

The opinion of the court was delivered by

LANDAU, J.A.D.

Defendant Gerald Timoldi appeals following his conviction on one count of third degree possession of heroin entered pursuant to a negotiated plea. The ten-count indictment included several other possessory counts, as well as counts for possession with intent to distribute within 1,000 feet of school property, possession with intent to distribute, and official misconduct. In accordance with the plea agreement, Timoldi received a three-year probationary sentence conditioned upon attendance at an out-patient drug program and compliance with drug and alcohol rules of probation. In addition, pursuant to *N.J.S.A.* 2C:51-2(a), Timoldi was ordered to forfeit his office or employment as Superintendent of Parks and Recreation, a "civil penalty which is a collateral consequence of conviction" of a crime of the third degree or greater. *Old Bridge Public Wkrs. v. Old Bridge Tp.,* 231 *N.J.Super.* 205, 209, 555 *A.*2d 639 (App.Div.1989). During the *retraxit* plea proceeding, Timoldi acknowledged that he was aware of the provisions of *N.J.S.A.* 2C:51-2(a).

The only issue raised by Timoldi on appeal is that the requirement that his employment be forfeited upon conviction pursuant to *N.J.S.A.* 2C:51-2 results in the imposition of cruel and unusual punishment in violation of the Eighth and Fourteenth Amend-

ments of the United States Constitution and Article I, Paragraph 12 of the New Jersey Constitution. Timoldi's amplification of this argument is essentially an "as applied" challenge keyed to the disproportionate impact of his job loss as compared to the gravity of the offense and to the failure to weigh adequately the fact that the crime resulted from a long-standing addiction to which he was addressing rehabilitative efforts. We conclude that Timoldi's cruel and unusual punishment argument is without merit.

The City of Bayonne submitted a memorandum to the sentencing judge opposing the defense motion to stay or avoid application of the forfeiture provision. Thus, Timoldi's employer does not want him reinstated. The City's attorneys called attention to the fact, also noted by the judge at sentencing, that the drugs were purchased by Timoldi while on official duty and with his assigned city-owned vehicle as the means and place of acquisition. The City further urged, and the sentencing judge found, that these facts make the offense not merely a third degree offense, but one "involving or touching on his public office, position or employment" which, under *N.J.S.A.* 2C:51-2(c), both disqualifies Timoldi from future public employment and justifies the present forfeiture.

We hold that *N.J.S.A.* 2C:51-2[1] is not, as argued by Timoldi, simply an additional punishment imposed upon public

---

[1] *N.J.S.A.* 2C:51-2 provides, in pertinent part:

a. A person holding any public office, position, or employment, elective or appointive, under the government of this State or any agency or political subdivision thereof, who is convicted of an offense shall forfeit such office or position if:

(1) He is convicted under the laws of this State of an offense involving dishonesty or of a crime of the third degree or above or under the laws of another state or of the United States of an offense or a crime which, if committed in this State, would be such an offense or crime;

(2) He is convicted of an offense involving or touching such office, position or employment; or

(3) The Constitution or a statute other than the code so provides.

b. The forfeiture set forth in subsection a. shall take effect:

(1) Upon finding of guilt by the trier of fact or a plea of guilty, if the court so orders; or

employees but not upon those in the private sector. As stated in *Moore v. Youth Correctional Institute*, 119 *N.J.* 256, 271, 574 *A.*2d 983 (1990), the forfeiture statute reflects a belief that "the circumstances surrounding a criminal conviction bear directly on an employee's competency and capacity to do his or her job or to perform any other job for the State." We read the statute to reflect a legislative determination governing the standards of conduct to be observed by those who serve the public, as a condition to continued employment.

*N.J.S.A.* 2C:51–2 gives advance notice to all public servants, elected and appointed, that conviction of a crime of the third degree or higher will serve to terminate their public office or employment. *See also N.J.S.A.* 2A:135–9 (repealed); *N.J.A.C.* 4A:2–2.7. Significantly, the statute was adopted at the same time as *N.J.S.A.* 2C:51–1 [2], which demonstrates legislative cognizance of

---

(2) Upon sentencing unless the court for good cause shown, orders a stay of such forfeiture. If the conviction be reversed, he shall be restored, if feasible, to his office, position or employment with all the rights, emoluments and salary thereof from the date of forfeiture.

 c. In addition to the punishment prescribed for the offense, and the forfeiture set forth in 2C:51–2a., any person convicted of an offense involving or touching on his public office, position or employment shall be forever disqualified from holding any office or position of honor, trust or profit under this State or any of its administrative or political subdivisions.

 . . . .

[2] *N.J.S.A.* 2C:51–1 provides:

 a. No person shall suffer any legal disqualification or disability because of his conviction of an offense or his sentence on such conviction, unless the disqualification or disability involves the deprivation of a right or privilege which is:

 (1) Necessarily incident to execution of the sentence of the court;

 (2) Provided by the Constitution or the code;

 (3) Provided by a statute other than the code, when the conviction is of an offense defined by such statute; or

 (4) Provided by the judgment, order or regulation of a court, agency or official exercising a jurisdiction conferred by law, or by the statute defining such jurisdiction, when the commission of the offense or the conviction or the sentence is reasonably related to the competency of the individual to exercise the right or privilege of which he is deprived.

the need to balance public interests with rehabilitative interests in the imposition of disqualifications arising from criminal conviction.

The legislative judgment balances the interests of government in "the protection, security, and benefit of the people" (*N.J. Const.*, art. I, ¶ 2) with other goals of the sentencing process. Timoldi at least implicitly accepted the statutory condition when he became Superintendent of Parks and Recreation, a post in which, as the record provided us here shows, his youth-related duties were significant. The condition was later recognized by Timoldi explicitly and without reservation when the negotiated plea was entered.

 To sustain a claim that punishment is cruel and unusual, a "substantial" showing must be made that it shocks the general conscience, violates principles of fundamental fairness, is grossly disparate to the offense, or goes beyond what is reasonably calculated as necessary to a legitimate penal aim. *See State v. Des Marets*, 92 *N.J.* 62, 455 *A*.2d 1074 (1983); *State v. Fearick*, 69 *N.J.* 32, 350 *A*.2d 227 (1976); *State v. Hampton*, 61 *N.J.* 250, 294 *A*.2d 23 (1972). That substantial showing has not been made.

Even if the loss of job were purely penal in nature, given Timoldi's fair notice that it would or could be a consequence of his criminal act, and the fact that while on duty he used his government vehicle as a place to complete a drug purchase and keep heroin, we find no merit in the cruel and unusual punishment contention. *Compare Gregg v. Georgia*, 428 *U.S.* 153, 173, 96 *S.Ct.* 2909, 2925, 49 *L.Ed.*2d 859, 874 (1976); *State v. Maldonado*, 137 *N.J.* 536, 561, 645 *A*.2d 1165 (1994); *State v. Des Marets, supra,* 92 *N.J.* at 82, 455 *A*.2d 1074; *State v. Krueger*, 241 *N.J.Super.* 244, 256, 574 *A*.2d 1006 (App.Div.1990). The sentencing judge properly

---

b. Proof of a conviction as relevant evidence upon the trial or determination of any issue, or for the purpose of impeaching the convicted person as a witness is not a disqualification or disability within the meaning of this chapter.

recognized that the offense occurred upon and with the use of public property during working hours.

The property forfeiture cases cited by Timoldi are inapposite. There is no absolute property right in a government job. Unlike private property, Timoldi's public employment has always been subject to the plainly enunciated statutory condition of forfeiture upon conviction of crimes of the third-degree or higher. Our cases have consistently enforced the provision. See, for example, *Pastore v. County of Essex,* 237 *N.J.Super.* 371, 568 *A.*2d 81 (App.Div.1989) *certif. denied,* 122 *N.J.* 129, 584 *A.*2d 205 (1990), and cases cited therein 237 *N.J.Super.* at page 377, 568 *A.*2d 81. As we stated there, "[T]he statute was designed to protect the public, not the offender, and we construe it so as to advance this objective." *Id.* at 377–78, 568 *A.*2d 81.

Affirmed.