832 A.2d 940

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. THOMAS PAVLIK, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 24, 2003—Decided October 14, 2003.

Before Judges LINTNER, LISA and BILDER.

*Hobbie, Corrigan, Bertucio & Tashjy*, attorneys for appellant (*Edward C. Bertucio, Jr.*, of counsel; *Mary T. Pasqualino*, on the brief).

*Thomas F. Kelaher*, Ocean County Prosecutor, attorney for respondent State of New Jersey (*Patricia S. Toreki*, Assistant Prosecutor, of counsel and on the brief).

*Apruzzese, McDermott, Mastro & Murphy*, attorneys for respondent Township of Brick (*Arthur R. Thibault, Jr.*, of counsel and on the brief).

The opinion of the court was delivered by

BILDER, J.A.D. (retired and temporarily assigned on recall).

On August 20, 2001 defendant Thomas Pavlik was convicted in Brick Township Municipal Court of three counts of simple assault, two counts of criminal mischief, one count of harassment, and one count of unlawful possession of a weapon (a cane). A total of $4,285 was imposed as fines, penalties and costs and he was sentenced to consecutive terms of 60 days in the county jail and one year probation for each of the assault convictions. Following a trial *de novo* on the record below, on November 16, 2001, he was again convicted in the Superior Court where fines and penalties totalling $1035 were imposed. No jail sentence was imposed and probation was vacated.

Thereafter, on December 5, 2001, based upon those convictions, defendant's employer, Brick Township, moved before the Brick Township Municipal Court for an order of forfeiture. *N.J.S.A.* 2C:51–2g; *see State v. Ercolano,* 335 *N.J.Super.* 236, 242, 247, 762 *A.*2d 259 (App.Div.2000), *certif. denied,* 167 *N.J.* 635, 772 *A.*2d 937 (2001). On April 19, 2002, following a hearing, the motion was granted and defendant's employment with Brick Township was forfeited pursuant to *N.J.S.A.* 2C:51–2a(2) for conviction of an offense involving or touching his position or employment. Following a trial *de novo,* he was again found subject to an order of forfeiture and his employment with Brick Township was forfeited pursuant to *N.J.S.A.* 2C:51–2a(2).[1]

Defendant was employed as a laborer in the Streets and Road Maintenance Division of Brick's Department of Public Works. The events which led to his convictions for assault, criminal mischief and harassment arose from a violent domestic dispute between defendant and his grandfather which led to defendant's arrest and removal from his home to the hospital. Later, at the hospital, when a police officer attempted to serve defendant with a Domestic Violence Complaint and restraining order, he became agitated, belligerent, violent and had to be restrained.

Defendant appeals from both the November 16, 2001 judgment of conviction and the July 12, 2002 order affirming the forfeiture of his employment.

In his brief on appeal defendant makes the following contentions:

POINT I

---

[1] Although the Law Division order of July 12, 2002 purported to affirm the forfeiture decision of the Municipal Court, we are satisfied from a reading of the July 12, 2002 transcript that defendant was given a *de novo* hearing and *de novo* findings. *State v. Warmbrun,* 277 *N.J.Super.* 51, 58 n. 2, 648 *A.*2d 1153 (App.Div.1994), *certif. denied,* 140 *N.J.* 277, 658 *A.*2d 300 (1995); *State v. Pohlabel,* 40 *N.J.Super.* 416, 423, 123 *A.*2d 391 (App.Div.1956)(where oral decision and written order are in conflict, the oral opinion governs).

THE COURT BELOW ERRED WHEN IT INCORRECTLY AFFIRMED THE CONVICTION OF MR. PAVLIK BECAUSE THE STATE FAILED TO PROVE THE *MENS REA* OF MR. PAVLIK WITH REGARD TO THE OFFENSES CHARGED AND THE COURT INCORRECTLY DISREGARDED MR. PAVLIK'S CREDIBLE EVIDENCE WITH REGARD TO DIMINISHED CAPACITY AND INTOXICATION

POINT II

THE COURT BELOW ERRED IN AFFIRMING THE TOWNSHIP OF BRICK'S ORDER TO FORFEIT MR. PAVLIK'S EMPLOYMENT

## I.

Defendant's contentions with respect to his convictions are without merit. *R.* 2:11–3(e)(2). He essentially challenges the credibility findings, particularly with regard to the testimony of his expert, Dr. Martinson. Matters of credibility are within the exclusive dominion of the fact finder. *State v. Butler,* 32 *N.J.* 166, 196, 160 *A.*2d 8 (1960), *cert. denied,* 362 *U.S.* 984, 80 *S.Ct.* 1074, 4 *L.Ed.*2d 1019 (1960); *see also State v. Locurto,* 157 *N.J.* 463, 474, 724 *A.*2d 234 (1999). We are satisfied the Law Division Judge's findings and conclusions are supported by substantial credible evidence in the record. *State v. Johnson,* 42 *N.J.* 146, 199 *A.*2d 809 (1964). We add our agreement with the Municipal Court Judge that Dr. Martinson's conclusions were inadmissible net opinions.

## II.

The authority for the forfeiture of defendant's employment is *N.J.S.A.* 2C:51–2a(2) which in relevant part reads as follows:

A person holding any ... position, or employment, elective or appointive, under ... any agency or political subdivision [of this State], who is convicted of an offense shall forfeit such ... position if:

(2) He is convicted of an offense involving or touching such ... position or employment.

On appeal from the order of forfeiture, defendant contends the offenses for which he was convicted bore no relationship to his employment and, within the meaning of the forfeiture statute, could not be found to involve or touch on his job as a laborer in

the Streets and Road Maintenance Division of Brick's Public Works Department. We agree.

In his decision of April 19, 2002 granting Brick's forfeiture motion, the Municipal Court Judge described the conduct which defendant engaged in thus:

> In this particular matter, this defendant was alleged to have committed certain acts of domestic violence, specifically an assault upon his grandfather with whom he lived. The assault involved hitting him, if I am not mistaken, with either a cane or a chair or perhaps both, resulting in serious bodily injury to this individual. The police, the local police officers, employees of the same Township that the defendant is employed by, responded to the scene. There's a lot of difficulty with the defendant. He was transported to the Brick Township Hospital. Subsequently, apparently at least a couple of hours thereafter, the police attempted to review with the defendant the domestic violence procedures. Apparently, there was a restraining order entered, and at that point the defendant again became extremely violent, fought with officers, fought with hospital security staff, damaged property at the hospital, ripped out wires, took a cup of urine and threw it at the officers, fought with the officers, and generally engaged in behavior which was certainly, anyone could term outrageous and, and obviously, highly, highly inappropriate.

We are persuaded that a *N.J.S.A.* 2C:51–2a(2) forfeiture requires a finding of a nexus between the defendant's conduct and his position or employment. The Law Division Judge, as well as the Municipal Court Judge, relied on *State v. Baber,* 256 *N.J.Super.* 240, 606 *A.*2d 891 (Law Div.1992), which, in reliance on *Moore v. Youth Cor. Inst. at Annandale,* 119 *N.J.* 256, 574 *A.*2d 983 (1990), read the statute expansively to consider whether the defendant's conduct is inconsistent with the degree of care and responsibility expected of an employee in his position. In *Baber* the judge felt that the statute "reflects a belief that circumstances surrounding a criminal conviction bear directly on an employee's competency and capacity to continue to do his or her job or to perform any other job for the state." 256 *N.J.Super.* at 244, 606 *A.*2d 891 (citing *Moore,* 119 *N.J.* at 271, 574 *A.*2d 983). We respectfully disagree with the broad application of *Baber.*

In *McCann v. Clerk of City of Jersey City,* 167 *N.J.* 311, 771 *A.*2d 1123 (2001), the Court noted that "[t]he narrow question in *Moore* was whether conduct committed during non-business hours and off the premises of the correctional facility at which Moore

was employed could be considered to involve or touch on his employment for purposes of forfeiture", *id.* at 322, 771 *A.*2d 1123, and went on to say "the language of *Moore* should be understood in the context of the facts critical to our disposition, and it was undisputed that the petitioner's harassment of his co-employee in *Moore* bore a direct and substantial relationship to their respective governmental positions." *Id.* at 322–323, 771 *A.*2d 1123.

We are persuaded that as a matter of common sense, the phrase "involving or touching such office, position or employment" requires some nexus between the conduct and the employment. *State v. Stern,* 197 *N.J.Super.* 49, 53, 484 *A.*2d 38 (App.Div.1984); *Cressey v. Campus Chefs, Div. of CVI Serv., Inc.,* 204 *N.J.Super.* 337, 342–343, 498 *A.*2d 1274 (App.Div.1985)(in construing a statute the words must be considered in the context of the entire section and given a common-sense meaning which advances the legislative purpose). Here the Law Division Judge found a nexus in the fact that defendant came into direct contact with members of the police department (some of whose members were victims of his conduct) when he was occasionally called upon to work within the municipal building, wherein, *inter alia,* the police department was housed. Assuming that as a result of his conduct at the hospital, the members of the police department harbor a personal dislike to defendant, the possibility of such personal animus does not create a direct or substantial relationship between the conduct and defendant's employment as a laborer.

While it is not directly involved in this appeal, we note that prior to defendant's convictions, defendant was served with a Preliminary Notice of Disciplinary Action, as to which he did not request a hearing. Charges of conduct unbecoming a public employee, *N.J.A.C.* 4A:2–2.3, were sustained, and he was removed from employment effective August 30, 2000. On October 10, 2000, defendant filed an appeal with the Merit System Board. This was apparently transferred to the Office of Administrative Law as a contested case and withdrawn in July 2002 following the decision

of the Law Division to affirm the forfeiture. That matter is not before us.

The convictions are affirmed. The order of forfeiture is vacated.