NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1967-16T1

STATE OF NEW JERSEY,
 APPROVED FOR PUBLICATION
 Plaintiff-Appellant,
 November 16, 2017
v. APPELLATE DIVISION

NICHOLAS MASCE,

 Defendant-Respondent.
________________________________

 Argued September 12, 2017 – Decided November 16, 2017

 Before Judges Fisher, Fasciale and Moynihan.

 On appeal from Superior Court of New Jersey,
 Law Division, Gloucester County, Indictment
 No. 16-01-0001.

 John A. Nicodemo, Deputy Attorney General,
 argued the cause for appellant (Christopher
 S. Porrino, Attorney General, attorney; Mr.
 Nicodemo, of counsel and on the brief).

 Jaime B. Herrera, Assistant Deputy Public
 Defender, argued the cause for respondent
 (Joseph E. Krakora, Public Defender,
 attorney; Ms. Herrera, of counsel and on the
 brief).

 The opinion of the court was delivered by

MOYNIHAN, J.S.C. (temporarily assigned).

 The State of New Jersey appeals from the sentencing judge's

order denying its request to enter, as part of the plea

agreement reached between it and defendant, a civil consent
judgment for restitution due the victims of defendant's theft,

and from an order denying reconsideration. We agree with the

sentencing judge that he was without statutory authority to

enter the judgment and affirm.

 Defendant pleaded guilty to an amended charge of third-

degree theft by unlawful taking, N.J.S.A. 2C:20-3(a), admitting

he took $85,131.18 in benefits directly deposited in his

deceased mother's bank account after her death. The victims of

the theft were two pension funds and the United States Social

Security Administration.1 The State recommended that, as part of

the plea agreement, defendant pay restitution in the full amount

due all victims, a payment schedule be set through probation,

and the judge enter a civil consent judgment in favor of the

victims.

 Judge Kevin T. Smith entered the plea but expressed

reservations about his ability to order the entry of a civil

consent judgment. Prior to sentencing the State argued,

inasmuch as N.J.S.A. 2C:44-2(f) provides that an order of

restitution imposed by a sentencing judge does not bar the

victim from seeking civil remedies, a sentencing judge is not

precluded from entering a civil consent judgment to prevent the

1
 Defendant took funds deposited by the Social Security
Administration in the amount of $74,601 and by the two pension
funds – $6555.78 from one, $3974.40 from the other.

 2 A-1967-16T1
victim's incurrence of further expense in pursuit of a civil

recovery. Defendant took no position.

 Judge Smith, in a written opinion, rejected the State's

interpretation of N.J.S.A. 2C:44-2(f), holding that the

Legislature intended that civil remedies be pursued in a civil

court; the Legislature did not provide for recovery through the

criminal sentencing process. The judge also took issue with the

ethical propriety of requiring defendant to agree to a civil

consent judgment as part of a plea agreement. He concluded it

was "improper for the State to . . . threaten criminal

prosecution to get an upper hand in a civil matter," citing RPC

3.4(g). The State argued in a motion for reconsideration that

N.J.S.A. 2C:43-2(d) allowed "the court to . . . impose any . . .

civil penalty" conferred by law at sentencing. Judge Smith

again disagreed, ruling the penalties that may be imposed under

that statute are those provided in the New Jersey Code of

Criminal Justice (the Code), such as forfeiture of public office

and limitation on Internet access, but a civil consent judgment

was not included among those penalties.

 On appeal, the State contends that the judge erred because

the Code "clearly sets forth authority for a sentencing court to

impose civil penalties at sentencing," and that a civil consent

judgment is "a lawful means" conferred by law to ensure

 3 A-1967-16T1
remuneration of victims "above and beyond an order of

restitution." The State also submits the entry of a consent

judgment "raises no ethical considerations." Defendant counters

that the judge was without authority to enter the judgment

because a civil consent judgment "is a contractual agreement and

not a 'penalty.'"

 In determining the propriety of entering civil consent

judgments in favor of crime victims at sentencing, it is

necessary to analyze the applicable statutory provisions. We

owe no deference to the sentencing judge's legal interpretation

of those statutes, a purely legal issue, and conduct our review

de novo. State v. Buckley, 216 N.J. 249, 260-61 (2015);

Manalapan Realty LP v. Twp. Comm. of Manalapan, 140 N.J. 366,

378 (1995).

 "Our task in statutory interpretation is to determine and

effectuate the Legislature's intent." Bosland v. Warnock Dodge,

Inc., 197 N.J. 543, 553 (2009). The Supreme Court recognized

the statutory directive we utilize to explicate a legislative

enactment:

 In the construction of the laws and statutes
 of this state, both civil and criminal,
 words and phrases shall be read and
 construed with their context, and shall,
 unless inconsistent with the manifest intent
 of the legislature or unless another or
 different meaning is expressly indicated, be
 given their generally accepted meaning,

 4 A-1967-16T1
 according to the approved usage of the
 language.

 [State v. Gandhi, 201 N.J. 161, 177 (2010)
 (quoting N.J.S.A. 1:1-1).]

"[W]e look first to the plain language of the statute, seeking

further guidance only to the extent that the Legislature's

intent cannot be derived from the words that it has chosen."

Pizzullo v. New Jersey Mfrs. Ins. Co., 196 N.J. 251, 264 (2008).

If the statutory language is ambiguous, we turn to extrinsic

evidence from "a variety of sources . . . [c]entral among

[which] is a statute's legislative history." Richardson v. Bd.

of Trs., P.F.R.S., 192 N.J. 189, 196 (2007).

 Because there are a number of provisions in the Code that

apply to our analysis, we heed the Court's direction that

 [s]tatutes must be read in their entirety;
 each part or section should be construed in
 connection with every other part or section
 to provide a harmonious whole. When
 reviewing two separate enactments, the Court
 has an affirmative duty to reconcile them,
 so as to give effect to both expressions of
 the lawmakers' will. Statutes that deal
 with the same matter or subject should be
 read in pari materia and construed together
 as a unitary and harmonious whole.

 [In re Petition for Referendum on City of
 Trenton Ordinance 09-02, 201 N.J. 349, 359
 (2010) (citations omitted).]

 Our analysis begins with the general principle that all

sentences imposed by a court for any offense must comport with

Chapter 43 of the Code, N.J.S.A. 2C:43-1 to -22. N.J.S.A.

 5 A-1967-16T1
2C:43-2(a). Courts, unless compelled by the Code to impose

restitution,2 have the discretion to sentence a defendant to pay

restitution. N.J.S.A. 2C:43-2(b)(1), -2(b)(4), -3.

 Courts cannot simply gauge the amount of restitution by a

victim's loss. Although the amount of restitution may not

exceed the amount of loss,3 N.J.S.A. 2C:43-3, "[i]n determining

the amount and method of payment of restitution, the court shall

take into account all financial resources of the defendant,

including the defendant’s likely future earnings, and shall set

the amount of restitution so as to provide the victim with the

fullest compensation for loss that is consistent with the

defendant’s ability to pay." N.J.S.A. 2C:44-2(c)(2).

2
 See, e.g., N.J.S.A. 2C:44-2(b) (requiring a court to order
restitution be paid by a defendant if the loss was incurred by
the victim of a homicide – or by a victim's relative – and the
defendant has the ability to pay, either at the time of
sentencing or, "given a fair opportunity," thereafter). See also
N.J.S.A. 2C:11-3c (mandating the court to order a person
convicted of murder to pay restitution to the victim's nearest
surviving relative); N.J.S.A. 2C:43-2.1 (mandating that a
defendant convicted of motor vehicle theft or unlawful taking be
ordered to pay restitution to the victim for any reasonable and
necessary expense incurred in recovering the vehicle, and for
the amount of damages sustained); N.J.S.A. 2C:43-3 (mandating
the court to order restitution if the victim is a department or
division of the State of New Jersey).
3
 An exception exists for a defendant's failure to pay taxes to
the State.

 6 A-1967-16T1
 The distinction between restitution and civil remedies is

clear from the stated purposes of restitution, as noted by the

Supreme Court in State v. Harris, 70 N.J. 586, 591-92 (1976):

 [W]e are of opinion that restitution is not
 only an appropriate but frequently a
 salutary technique in the criminal process,
 and in the purposes of the probation system
 contemplated by the statute.

 And, necessarily without prejudice to
 the right of any aggrieved party to seek to
 recover damages in a civil action (because
 not a party to the criminal disposition), we
 regard it as preferable in the ordinary
 case, where feasible, to provide for
 restitution within the probation context.
 This for two main and coalescing reasons.
 One may be termed the "justice" factor. The
 court which orders restitution acts in the
 interest of repairing the harm done the
 aggrieved party. In meting out substantial
 justice in this fashion, the court is even
 more importantly motivated by another
 reason, which may be termed the
 "rehabilitation" factor – the predominant
 rehabilitative aspect of probationary
 restitution.

 We therefore agree with the Appellate
 Division that:

 Restitution in a proper case may
 ofttimes be a compelling reminder
 of the wrong done and meaningfully
 contribute to the rehabilitation
 process.

 The entry of a consent judgment would run counter to both

the court's statutory duty to determine a defendant's ability to

pay and the rehabilitative purpose of restitution. If a

judgment was docketed for the full amount of a victim's loss,

 7 A-1967-16T1
the victim could enforce the full amount of the judgment,

without regard to the court's finding of the defendant's ability

to pay. Enforcement would obviate any payment schedule set by

the court, thwarting "the predominant rehabilitative aspect of

probationary restitution." Id. at 592.

 Further analysis of the statutory scheme of restitution

reveals the Legislature made no provision for civil consent

judgments in the sentencing provisions of the Code. It did

provide, however, for the filing of an order or judgment of

conviction in certain instances.

 When a defendant is sentenced to pay restitution, the court

may, under N.J.S.A. 2C:46-1(a), "grant permission for the

payment to be made within a specified period of time or in

specified installments." If permission is not granted, N.J.S.A.

2C:46-1(a) dictates, "restitution shall be payable forthwith,

and the court shall file a copy of the judgment of conviction

with the Clerk of the Superior Court who shall enter . . .

information upon the record of docketed judgments" including, in

pertinent part, naming the defendant as judgment debtor,

N.J.S.A. 2C:46-1(a)(1); and "the amount of any restitution

ordered and the name of any persons entitled to receive payment

as judgment creditors in the amount and according to the

priority set by the court[,]" N.J.S.A. 2C:46-1(a)(3).

 8 A-1967-16T1
 A like aid to victims was also prescribed in N.J.S.A.

2C:43-2.1, which compels a court to order a defendant convicted

of theft or unlawful taking of a motor vehicle to make

restitution "for any reasonable and necessary expense incurred

by the owner in recovering the motor vehicle and for any damage

to the motor vehicle prior to its recovery." The statute

directs the court to file a copy of the order compelling

restitution with the Clerk of the Superior Court who must enter

on the "record of docketed judgments the name of the convicted

person as judgment debtor, and of the owner as judgment

creditor," as well as the basis of the order, the amount of

restitution and the date of the order. N.J.S.A. 2C:43-2.1.

Such entry has "the same force as a judgment docketed in the

Superior Court." N.J.S.A. 2C:43-2.1.

 Though these provisions allow entry of documents tantamount

to civil judgments, the procedures authorized by the Legislature

do not include actual entry of a civil judgment.

 The Legislature did not provide for entry of a civil

judgment in favor of a victim even in the event of a default in

payment of restitution by a defendant. Courts are not permitted

to impose an alternative sentence in anticipation of a default;

courts may respond only after non-payment, and then only in

accordance with the statutory framework. N.J.S.A. 2C:44-2(d).

 9 A-1967-16T1
 Upon default, and after a motion is filed, a hearing held,

and a finding made by the court that the default was without

good cause and willful,4 a court can take the actions set forth

in N.J.S.A. 2C:46-2(a) and (b). Although a number of options

are available under those sections, the entry of a civil

judgment is not among them. The Legislature did provide,

however, upon default, "execution may be levied and such other

measures may be taken for collection of it or the unpaid balance

thereof as are authorized for the collection of an unpaid civil

judgment entered against the defendant in an action on a debt."

N.J.S.A. 2C:46-2(b). A victim entitled to payment from a

defaulting defendant is also permitted to institute summary

collection proceedings authorized by N.J.S.A. 2C:46-2(b).

N.J.S.A. 2C:46-2(c). The statute grants no power to a criminal

judge to aid a victim in collecting the balance of restitution

by entering a civil consent judgment.

 Other statutes echo the legislative intent to allow a

victim to pursue civil remedies, albeit without grant of any

authority to a criminal court to aid the victim in seeking such

remedies:

 The ordering of restitution pursuant to
 this section shall not operate as a bar to

4
 At the hearing, the defendant has the burden of proving good
cause for the default by a preponderance of the evidence.

 10 A-1967-16T1
 the seeking of civil recovery by the victim
 based on the incident underlying the
 criminal conviction. Restitution ordered
 under this section is to be in addition to
 any civil remedy which a victim may possess,
 but any amount due the victim under any
 civil remedy shall be reduced by the amount
 ordered under this section to the extent
 necessary to avoid double compensation for
 the same loss, and the initial restitution
 judgment shall remain in full force and
 effect.

 [N.J.S.A. 2C:44-2(f).]

 Our review of the plain language of the comprehensive laws

regarding restitution to crime victims leads us to conclude that

criminal courts are proscribed from entering civil consent

judgments when sentencing a defendant ordered to make

restitution. If all sentences must be imposed in accordance

with the Code, and the Code makes no provision for a court to

enter a civil consent judgment, the entry of such a judgment

would contravene the parameters of the authority conferred on

sentencing courts by the Legislature. Although resorting to

legislative intent is unnecessary when the statutes' plain

language is unambiguous, State v. Nance, 228 N.J. 378, 393

(2017), we elect to undertake a thorough review.

 Most of the statutes we analyzed were enacted by the

Legislature in 1991,5 in a comprehensive effort to make crime

5
 L. 1991, c. 329.

 11 A-1967-16T1
victims whole after suffering a loss at the hands of a criminal

defendant. The Assembly Judiciary, Law and Public Safety

Committee recognized that the 1991 bill "amends various sections

of law concerning victims of crime[,]" including "N.J.S.A. 2C:1-

2 concerning the general purposes of the criminal code

sentencing provisions to include the purpose to promote

restitution to victims." Assembly Judiciary, Law and Pub.

Safety Comm., Statement to A. 4819 (June 6, 1991). See also

State v. Newman, 132 N.J. 159, 175 (1993). The Sponsor

Statement and the Assembly Appropriations Committee Statement

both provide the aim of the bill is to "require[] courts to

order defendants to compensate their victims to the fullest

extent possible" given their ability to pay. Sponsor's

Statement to A. 4819 (enacted as L. 1991 c. 329); Assembly

Appropriations Comm., Statement to A. 4819 (August 1, 1991).

The Appropriations Committee noted that the legislation

 provides several measures to improve the
 State's ability to collect moneys owed by
 convicted persons: a court granting
 probation or imposing a suspended sentence
 must require, as a condition of the
 probation or suspended sentence, that the
 defendant make complete payment of
 restitution and assessments for victims and
 witnesses; the probationary term of any
 person who fails to meet these obligations
 must be extended; the Department of
 Corrections must withhold moneys owed from
 funds earned by and kept for inmates; and
 persons who default without good cause lose

 12 A-1967-16T1
 the privilege of driving in this State until
 full payment is made.

 [Assembly Appropriations Comm., Statement to
 A. 4819 (August 1, 1991).]

 The measures enacted by the Legislature to foster

collection of restitution, among other payments due from

sentenced defendants, did not include civil consent judgments.

Although the Legislature enacted sweeping changes to provide

compensation to crime victims, it provided spare civil relief –

and none involving consent judgments. We are convinced the

legislative intent was to limit the aid to a victim's civil

recovery to that set forth in the statutes.

 The State contends civil consent judgments are authorized

by N.J.S.A. 2C:43-2(d), which provides that Chapter 43 of the

Code – Authorized Disposition of Offenders – "does not deprive

the court of any authority conferred by law to decree a

forfeiture of property, suspend or cancel a license, remove a

person from office, or impose any other civil penalty. Such a

judgment or order may be included in the sentence." It argues

the judgment is a civil penalty which a court may order and

enter.

 The State's argument does not consider the qualifying

language in the statute that the authority to impose a civil

penalty must be conferred by law. As we have deduced, civil

 13 A-1967-16T1
consent judgments are not among the penalties conferred by law.

We construe N.J.S.A. 2C:43-2(d) to mean that the court may

impose those civil penalties specified in a statute. The civil

penalties include, as set forth in N.J.S.A. 2C:43-2(d),

suspension or cancellation of driving privileges as provided for

in a number of statutes, including N.J.S.A. 2C:43-2(c) and

2C:46-2(a)(1)(a). Likewise, removal from office is a civil

penalty expressly authorized by N.J.S.A. 2C:51-2.6

 The two cases relied upon by the State in support of its

argument are inapposite. Both Old Bridge Public Workers &

Sanitation Union v. Township of Old Bridge, 231 N.J. Super. 205

(App. Div. 1989), and State v. Baber, 256 N.J. Super. 240 (Law

Div. 1992), involved forfeiture of public office, a penalty

expressly authorized by statute as a collateral consequence of

conviction.

 When the Legislature provided a statutory procedure to

recover payment of fines, we declined to construe N.J.S.A.

2C:43-2(d) as conferring authority on a court to impose fines as

a "civil penalty." In State v. McLaughlin, 310 N.J. Super. 242,

6
 An example of one of the "other" civil penalties under N.J.S.A.
2C:43-2(d) is provided in N.J.S.A. 2C:43-3, which mandates "in
any case involving the failure to pay any State tax, the amount
of restitution to the State shall be the full amount of the tax
avoided or evaded, including full civil penalties and interest
as provided by law."

 14 A-1967-16T1
246 (App. Div.), certif. denied, 156 N.J. 381 (1998), defendant

was both convicted of and pleaded guilty to crimes related to

false claims and appraisals he submitted to defraud an insurance

company. The trial judge imposed fines totaling $270,000

pursuant to the New Jersey Fraud Prevention Act, N.J.S.A.

17:33A-1 to -30. McLaughlin, supra, 310 N.J. Super. at 261.

Defendant appealed, arguing the trial court lacked authority to

impose fines pursuant to the Act. Ibid. The State countered

that the fines were properly imposed, notwithstanding language

in the Act limiting imposition of civil penalties to persons who

had been found guilty of violating the provisions of the Act by

a court of competent jurisdiction pursuant to a claim initiated

by the Commissioner of Insurance. Ibid. The State posited a

criminal court has the power under N.J.S.A. 2C:43-2(d) to impose

"any civil penalty." McLaughlin, supra, 310 N.J. Super. at 261.

We found the trial court did not have authority pursuant to

N.J.S.A. 2C:43-2(d) to impose fines as civil penalties under the

Act because the Legislature specifically provided that the

Commissioner was required to institute a civil action.

McLaughlin, supra, 310 N.J. Super. at 261-63. Likewise, here,

there is no law that allows the entry of a civil consent

judgment as a penalty.

 15 A-1967-16T1
 The legislative history of the 1991 amendments also

convince us that the Legislature did not intend to include civil

consent judgments as penalties. The amendments removed

"penalties" from provisions dealing with non-payment of

restitution. Assembly Judiciary, Law and Pub. Safety Comm.,

Statement to A. 4819 (June 6, 1991). One of the amendments, L.

1991, c. 329, § 8, clarifying that payment of restitution may be

a condition of probation, did not include payment of a penalty

as a condition of probation. Assembly Judiciary, Law and Pub.

Safety Comm., Statement to A. 4819 (June 6, 1991). The

legislative intent to treat restitution and penalties separately

is obvious.

 All roads lead to the same conclusion. Judge Smith

correctly recognized he was without authority to enter the civil

consent judgment. Inasmuch as the court was without statutory

authority to enter the judgment, we need not address the ethical

implications regarding the use of such judgments in plea

negotiations.

 Affirmed.

 16 A-1967-16T1